United States Court of Appeals
Fifth Circuit

**F I L E D**

October 24, 2006

Charles R. Fulbruge III
Clerk

*In The United States Court Of Appeals
For The Fifth Circuit*

No. 06-30302
Summary Calendar

DONALD RAY JOHNSON,

Plaintiff - Appellant,

v.

STATE OF LOUISIANA, Through Louisiana Department of Public Safety and Corrections;
C. MARTIN LENSING; WILLIAM R. COBERLY, JR.,

Defendants - Appellees.

Appeal from the United States District Court
For the Middle District of Louisiana
No. 3:05-CV-000926

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:

Donald Ray Johnson, Louisiana Department of Public Safety and Corrections (DOC) Inmate # 300867, appeals the district court's dismissal of his suit for failure to exhaust administrative remedies. We affirm.

Johnson alleges that he was sexually assaulted by Sergeant William R. Coberly, a prison guard, in November of 2004. Johnson filed an administrative remedy procedure (ARP) request with the DOC. Johnson's ARP request is dated February 22, 2005, and the postmark is dated February 25, 2005. In his ARP request, Johnson stated that the sexual

assault occurred "on or about" November 20, 2004. The DOC dismissed the ARP complaint as untimely because it was not filed within ninety days after the incident occurred, as required by the DOC's ARP regulation.

Johnson then sued Sergeant Coberly, Warden C. Martin Lensing, and the DOC in Louisiana state court, asserting state tort law claims and claims under 42 U.S.C. § 1983 for violations of the Eighth and Fourteenth Amendments. Defendants Lensing and the DOC removed the case to federal court based on federal question jurisdiction and supplemental jurisdiction over the state law claims. The district court dismissed Johnson's complaint with prejudice for failure to exhaust administrative remedies as required by the Louisiana Corrections Administrative Remedy Procedure (CARP)[1] and the Prison Litigation Reform Act of 1995, which is codified at 42 U.S.C. § 1997e (PLRA).

A district court's order dismissing a claim for failure to exhaust administrative remedies is reviewed *de novo*.[2] We accept "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."[3] A claim may be dismissed if "the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint."[4]

---

[1]LA. REV. STAT. §§ 15:1171-1179 (2005).

[2]*Richardson v. Spurlock*, 260 F.3d 495, 499 (5th Cir. 2001).

[3]*Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (discussing the standard for reviewing a Rule 12(b)(6) dismissal).

[4]*Id.*

2

Johnson first challenges the district court's application of federal law to his section 1983 claims. Relying on *Erie Railroad Co. v. Tompkins*,[5] Johnson argues that the PLRA is not applicable to his claims because he originally filed suit in state court. The fact that Johnson originally filed his section 1983 action in state court is of no consequence. Section 1997e states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.[6]

The PLRA's exhaustion requirement applies to all section 1983 claims regardless of whether the inmate files his claim in state or federal court. The district court did not err in applying the PLRA's exhaustion requirement to Johnson's section 1983 claims.

Relying on *Pope v. State*,[7] Johnson next contends that the Louisiana Supreme Court held that the prison grievance procedures adopted by the DOC are unconstitutional as applied to tort actions. He continues that there are no available administrative remedies in Louisiana for his claims, so he is relieved from the PLRA's exhaustion requirement. In *Pope*, the Louisiana Supreme Court held that certain sections of CARP were unconstitutional because they divested the state district courts of original jurisdiction over tort claims filed by inmates

---

[5]304 U.S. 64 (1938).

[6]42 U.S.C. § 1997e (2003).

[7]792 So. 2d 713 (La. 2001).

3

against the DOC and its employees.[8] The unconstitutional sections required the DOC to adjudicate all inmate claims, subject to limited review by the state district courts.[9]

*Pope*, however, is not applicable to Johnson's claims because the Louisiana Legislature amended CARP in 2002 to cure the constitutional problems identified in *Pope*.[10] The amended sections now state that the limited district court review of the DOC's CARP adjudication does not apply to delictual actions and that "[d]elictual actions for injury or damages shall be filed separately as original civil actions" after administrative remedies have been exhausted.[11] These amendments became effective April 18, 2002.[12] The administrative remedies as amended, therefore, were available to Johnson in November 2004, and he was required to exhaust these remedies under the PLRA.

Johnson next argues that the district court erred in finding his ARP request untimely. In his original petition filed in state court, Johnson stated that the sexual assault occurred on or about November 14, 2004. In his ARP request and in his response to the defendants' motion to dismiss for failure to exhaust administrative remedies, Johnson stated that the

_____

[8]*Id.* at 719-21.

[9]*Id.* at 718-19 (citing LA. REV. STAT. § 15:1177 (1997)).

[10]Act 89, § 2, 2002 La. Acts 1307, 1307-09 (amending LA. REV. STAT. §§ 15:1172, 15:1177)*; see also Peterson v. Gildon*, 917 So. 2d 1284, 1287-88 (La. Ct. App. 2005) (discussing the impact of the 2002 amendment on the constitutional infirmities identified in *Pope*).

[11]LA. REV. STAT. § 15:1177(C) (2005) (governing judicial review of the DOC's administrative decisions); *see id.* § 15:1172(B)(1) (setting forth the administrative remedies and procedures for inmate claims).

[12]*Peterson*, 917 So. 2d at 1289; *see also* Act 89, § 3, 2002 La. Acts 1307, 1312.

4

sexual assault occurred on or about November 20, 2004. CARP requires an inmate to "initiate his administrative remedies for a delictual action for injury or damages within ninety days from the day the injury or damage is sustained." Ninety days from November 20, 2004 is Friday, February 18, 2004. Johnson did not file his ARP request until, at the earliest, Tuesday, February 22, 2004. Johnson's request, therefore, was untimely.

Johnson also contends that the district court erred by dismissing his state tort claims with prejudice because they should have been dismissed without prejudice so that he could refile in state court. CARP applies to Johnson's state tort claims and requires dismissal with prejudice if the inmate does not initiate his administrative remedy for a delictual action within ninety days from the day of the injury.[13] Because Johnson filed his ARP request more than ninety days from the date of the alleged sexual assault, the district court did not err in dismissing his state law claims with prejudice under CARP.

For the foregoing reasons, the district court's dismissal with prejudice for failure to exhaust is AFFIRMED.

---

[13]*See* LA. REV. STAT. § 15:1172(B)(1), (C) (2005) ("If an offender fails to timely initiate or pursue his administrative remedies within the deadlines established in Subsection B of this Section, his claim is abandoned, and any subsequent suit asserting such a claim shall be dismissed with prejudice.").