IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 28, 2007

Charles R. Fulbruge III
Clerk

No. 05-10019

STEPHEN ALLARD

Plaintiff-Appellant

v.

DON ANDERSON, SHERIFF, GREENVILLE, TEXAS; CURTIS NEAL,
JAILER, HUNT COUNTY

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:02-CV-1698L

Before HIGGINBOTHAM, SMITH, and OWEN, Circuit Judges.

PER CURIAM:[*]

I

Stephen Allard was an inmate in the Hunt County Jail. During his time
there, he and other inmates were allegedly required to sleep and "lay" on the
floor, thus being exposed to raw sewage and pesticides on the floor. Additionally,
the cells were allegedly overcrowded, the prison officials held pretrial detainees
in cells with convicted inmates, and the female inmates resided in overcrowded

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

cells where pesticides had been sprayed.  On October 19, 2001, Allard was transferred without notice from the Hunt County Jail.  He discovered on October 23, 2001 that he had contracted hepatitis C.  He also alleges that, as a result of his exposure to pesticides in the jail, he was diagnosed with thyroid gland problems and that he and other inmates may in the future have children with birth defects.  On August 9, 2002, he filed a complaint with the district court, requesting injunctive relief and damages, but did not attempt to file a grievance with Hunt County Jail until January 25, 2004, when he requested grievance forms.  On February 26, 2004, Defendants informed him that he could no longer file grievances with the jail since he was no longer an inmate there.

A magistrate judge heard the facts of the case and recommended that the case be dismissed for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), and the district court agreed, dismissing the case with prejudice.   The district court then rejected Allard's motion for leave to amend the pleadings on the basis of untimely filing and failure to set forth new evidence of exhaustion of administrative remedies.  We review the case to determine whether the district court correctly dismissed the case for failure to exhaust administrative remedies, whether the district court properly denied Allard's motion for leave to amend, whether we should address Defendants' statute of limitations argument, and whether the magistrate judge erred in failing to recuse himself.  We also address Allard's attempt to create a class action lawsuit on appeal.

II

We review a district court's dismissal of a complaint for failure to exhaust administrative remedies de novo,[1] reviewing facts "in the light most favorable

---

[1] Johnson v. Johnson, 385 F.3d 503, 515 (5th Cir. 2004).

to the plaintiff"[2] and dismissing a claim "if the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint."[3] Defendants argue that Woodford v. Ngo[4] has answered the question of administrative exhaustion relevant to this case and affirmatively shows that Allard failed to exhaust his administrative remedies. We do not agree that Ngo fully explains the exhaustion question under these circumstances. In Ngo, the Respondent was an inmate in a California prison and was required to follow the state's administrative grievance process by completing a two-part form, wherein the prisoner described the problem and requested redress within fifteen working days of its occurrence. The prisoner could then request a three-step review.[5] The Respondent in Ngo claimed that prison officials refused to allow him to participate in various religious activities, but he failed to lodge the complaint until six months after the alleged participation restrictions.[6] Jail officials rejected the grievance as untimely and his appeals within the system did not succeed.[7] The Supreme Court found that Respondent had not exhausted his administrative remedies, even though no further remedies were available to him. By failing to exhaust properly his available remedies, Respondent had not met the exhaustion requirement.[8]

---

[2] Johnson v. Louisiana, 468 F.3d 278, 279 (5th Cir. 2006) (internal quotations omitted).

[3] Id.

[4] 126 S.Ct. 2378 (2006).

[5] Id. at 2383.

[6] Id.

[7] Id. at 2384.

[8] Id. at 2385.

Allard similarly knew of several of the grievances that he later complained of – overcrowded cells, placement of pre-trial detainees with convicted inmates, and unsanitary conditions that caused staph infections – in his suit. But Hunt County Jail, unlike California's prison system, has no time restrictions for filing a complaint. Additionally, although Allard knew of the poor conditions before he was transferred, he did not know of their substantial injurious effects, such as thyroid problems and hepatitis C, prior to transfer. The exhaustion question therefore turns on whether a prisoner who does not discover injuries incurred by jail conditions until after he has been transferred and is then denied the opportunity to file a grievance has failed to exhaust available administrative remedies, or whether no administrative remedies were available to him to exhaust.

At the outset, we address the conditions that Allard was aware of while he was in the Hunt County Jail, namely overcrowding, unsanitary conditions, and housing of pre-trial and convicted detainees in the same cells. The jail's internal grievance process requires, for formal grievances, that inmates complete an Inmate Grievance Form and that the Jail Administrator respond to the grievance within fifteen days. The inmate may then request an appeal through the Sheriff. The procedure does not set forth any time restrictions on complaints, but the form indicates that to bring a grievance, one must be an "inmate" in the jail.[9] Allard responded, when asked by the magistrate judge through interrogatory, that his claims against the Hunt County Jail occurred between January 1, 1985 and October 2001 – the time during which he was periodically detained in the jail. Allard could have complained of these conditions in the approximate sixteen-year period when he was periodically an

---

[9] The form states, "In the event an inmate wishes to appeal a decision of the grievance procedure, the inmate shall request in writing a review of such decision by the Sheriff."

inmate and fully eligible to use the grievance process, but he failed to do so and therefore failed to exhaust the available administrative procedures in the jail.

In the past, we have barred inmates from "evading the PLRA's exhaustion requirement by failing to comply with the prison grievance system."[10] Although Allard's failure to raise a complaint was perhaps not intentional, it did not fall within one of the narrow exceptions where an inmate is excused for failing to timely exhaust administrative remedies.[11] The district court did not err in dismissing the claims for conditions and injuries that Allard knew of during his time as an inmate.

Although Allard failed to exhaust some of his claims, this does not end our inquiry.[12] We must review the district court's dismissal of Allard's claims for injuries that he discovered post-transfer.

For the injuries that Allard did not discover until after his transfer from Hunt County Jail, Allard had no available administrative remedies to exhaust; any requirement that he exhaust pursuant to the PLRA[13] would be futile.

Even when administrative relief such as monetary damages is unavailable, prisoners must under certain circumstances pursue any available administrative processes before bringing suit in federal court.[14] In other words, when an administrative process is available but the administrators providing the process do not have the authority to grant the sole remedy requested, a

---

[10] Days v. Johnson, 322 F.3d 863, 867 (5th Cir. 2003).

[11] Id. at 868.

[12] See, e.g., Johnson v. Johnson, 385 F.3d 503, 512 (5th Cir. 2004) (finding that some but not all of plaintiff's claims should be dismissed for failure to exhaust).

[13] 42 U.S.C. § 1997e (a) ("No action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted.").

[14] Ngo, 126 S. Ct. at 2382-83 (citing Booth v. Churner, 532 U.S. 731, 739 (2001) ("a prisoner must now exhaust administrative remedies even where the relief sought--monetary damages--cannot be granted by the administrative process")).

5

prisoner must still exhaust that process prior to bringing suit.[15]  Of course, "where the relevant administrative procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint,"[16] we consider administrative remedies to be unavailable.

Congress, by broadening the exhaustion requirement in the PLRA, aimed to ensure that prisoners could not avoid the requirement by purposefully seeking remedies through court that were unavailable through the administrative process.[17]  Additionally, where we have required pursuit of "unavailable" relief through an available process, prisoners were aware of the alleged injuries underlying their claims when the administrative process was available to them.[18]  Neither of these conditions applies in the present case.  Allard was not attempting to avoid the exhaustion requirement by bringing suit.   Rather, he discovered that he had contracted hepatitis C several days after his transfer from the Hunt County Jail.  At another undefined post-transfer date, he was also diagnosed with thyroid problems allegedly caused by his exposure to pesticides while sleeping on the jail floor.  While he was an inmate – when he could have availed himself of administrative remedies – he was unaware of these injuries.

The administration of the Hunt County Jail lacked any authority to hear Allard's hepatitis and thyroid complaints after he was transferred.  Although typically we would require Allard to exhaust his remedies through Hunt County Jail's administrative processes before bringing suit in federal court,[19] the Inmate

---

[15] See Booth, 532 U.S. at 736, 741.

[16] Id. at 736.

[17] See, e.g., Booth, 532 U.S. at 741.

[18] See, e.g., id. at 734-35 (Appellant filed a grievance but failed to take advantage of the administrative appeal that was available following denial of the grievance).

[19] See Jones v. Bock, 127 S.Ct. 910, 914 (2006) ("Key among [the requirements of the PLRA] was the requirement that inmates complaining about prison conditions exhaust prison

Grievance Form made it clear that the administrative process was available only to "inmates."[20] The jail's later rejection of Allard's attempt to exhaust verifies that the entire administrative process was unavailable to Allard once he was no longer an inmate. Allard was not an inmate when he discovered his alleged hepatitis and thyroid problems and therefore had no administrative processes available to him through Hunt County Jail. Nor was a remedy available through the Texas Commission on Jail Standards.[21] We REVERSE the district court's dismissal of his complaint for failure to exhaust administrative remedies with respect to his hepatitis and thyroid problems discovered after Allard's transfer from the Hunt County Jail.

## III

On November 22, 2004, the district court entered judgment against Allard, finding that he had failed to exhaust his administrative remedies under the PLRA and dismissing his claims. Allard filed his notice of appeal on December 22, 2004, and on February 25, 2005, Allard filed a motion for leave to amend his pleadings with the district court. It is well established that once a party files a notice of appeal, the district court no longer has jurisdiction over the case.[22]

---

grievance remedies before initiating a lawsuit.").

[20] The form states, "In the event an inmate wishes to appeal a decision of the grievance procedure, the inmate shall request in writing a review of such a decision by the Sheriff."

[21] See Jones, 127 S.Ct. at 923. ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.").+ The Hunt County Jail's requirements make no reference to remedies that a prisoner must pursue through the Texas Commission on Jail Standards. Furthermore, although "[t]he commission shall keep an information file about each complaint filed with the commission that the commission has authority to resolve," "[t]he commission is not required to keep an information file about a complaint to the commission from or related to a prisoner of a county or municipal jail." TEX. GOV'T CODE § 511.0071(d).

[22] See, e.g., Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (per curium); Sierra Club, Lone Star Chapter v. Cedar Point Oil Co., 73 F.3d 546, 578 (5th Cir. 1996) ("Generally, a notice of appeal divests the district court of jurisdiction over the judgment

Because Allard filed his motion to amend more than two months after his appeal, the district court properly denied the motion. Defendants also argue that Allard's original claim should be barred by the statute of limitations. The magistrate judge did not address this claim; we therefore do not review the issue.

IV

Allard raises for the first time on appeal his argument that the magistrate judge should have recused himself in the case below, alleging that "it is obvious" that the judge was "prejudiced" against Allard because Allard proceeded pro se and was indigent. Allard fails to show good cause for why he failed to request recusal through the filing of an affidavit with the district court, and he does not allege exceptional circumstances that give us reason to consider these issues. We therefore do not consider the issue of recusal.

V

Allard, also for the first time on appeal, attempts to certify a class action claim on behalf of "the inmates at Hunt County Jail, past, and present," alleging that the court should have held a class certification hearing to address human waste in the jail cells and blocks, "years of illegal overcrowding," and "misapplication of pesticides." He also alleges that "100s of detainees were placed in the same cells with convicted persons" and that his family and "many others" are concerned about possible birth defects caused by the pesticide application.

We review a court's decision to reject class certification for abuse of discretion and its legal determinations regarding certification de novo.[23] When Allard submitted his pleadings to the district court he did not officially request

---

or order that is the subject of the appeal.").

[23] Allison v. Citgo Petroleum Corp., 151 F.3d 402, 408 (5th Cir. 1998).

class certification. Although he included language indicating that he was attempting to bring the claim on behalf of himself and other prisoners, and in vague terms argued that the class was numerous and had common claims, he failed to demonstrate how his claims were typical of the remainder of the class and that he would adequately represent the class, as well as how the class action would be superior to individual suits or how questions of law and fact predominated over individual issues.[24] The district court has "wide discretion"[25] in determining whether to certify a class, and to the extent that Allard "requested" class certification – even if only informally – the district court did not err or abuse its discretion in failing to consider class certification.

AFFIRMED in part, REVERSED in part.

---

[24] See, e.g., McGrew v. Texas Bd. of Pardons & Paroles, 47 F.3d 158, 162 (5th Cir. 1995).

[25] Id.