IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 23, 2008

Charles R. Fulbruge III
Clerk

No. 08-30223
Summary Calendar

ANGELO GONZALES,

Plaintiff–Appellant,

v.

BLANDON SMITH, Lieutenant ; WADE RIGDON, Lieutenant ; TREY MOODY, Sergeant; JOSH MILEY, Sergeant; MICKEY DILLON, Sergeant; CLIFF TURNER, Sergeant; DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS; UNIDENTIFIED PARTIES; JEFF WILLIAMS, Captain,

Defendants–Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:06-cv-11215

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Angelo Gonzales, Louisiana prisoner # 114052, appeals the dismissal of his 42 U.S.C. § 1983 complaint, in which he sought relief arising out of incidents on July 17, 18, and 19, 2006. We review the dismissal of a complaint on the pleadings de novo, employing the same standard applied to dismissals for failure to state a claim under FED. R. Civ. P. 12(b)(6). Johnson v. Johnson, 385 F.3d 503, 529 (5th Cir. 2004). Finding no error, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Prison Litigation Reform Act requires prisoners to exhaust administrative remedies prior to filing a § 1983 complaint challenging prison conditions. 42 U.S.C. § 1997e(a); Woodford v. Ngo, 548 U.S. 81, 88-89 (2006). Gonzales was required to file a grievance within ninety days of the alleged incidents. LA. ADMIN. CODE tit. 22 § 325(A)(2) (2008); Johnson v. La. ex. rel. La. Dept of Pub. Safety & Corr., 468 F.3d 278, 280 (5th Cir. 2006) (per curiam). According to Gonzales's own pleadings, including the complaint that he signed under penalty of perjury, the earliest date that he submitted a grievance was October 18, 2006, the ninety-first day after the July 19 incident.

Gonzales argues that he was prevented from timely filing because he was denied access to writing materials. Gonzales did not raise this argument in the district court, and we need not consider it here. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999) (per curiam). Further, Gonzales's argument is conclusory and unsupported by any citations to evidence in the record. In sum, the dismissal of Gonzales's complaint for failure to exhaust administrative remedies was not erroneous. Accordingly, we need not reach the determination that the Louisiana Department of Public Safety and Corrections is immune from suit under the Eleventh Amendment, although that determination is supported by our precedent. See Champagne v . Jefferson Parish Sheriff's Office, 188 F.3d 312, 313-14 (5th Cir. 1999) (per curiam).

Finally, Gonzales has filed a motion for summary judgment in this court. He must file any such motion in the district court.

The judgment is AFFIRMED. The motion for summary judgment is DENIED.