131 Nev., Advance Opinion 37

# IN THE COURT OF APPEALS OF THE STATE OF NEVADA

| | |
|---|---|
| WILLIAM J. BERRY,<br>Appellant,<br>vs.<br>PAMELA FEIL; AND DENNIS BROWN,<br>Respondents. | No. 64750<br><br>**FILED**<br><br>JUN 11 2015<br><br>TRACIE K. LINDEMAN<br>CLERK OF SUPREME COURT<br>BY_____<br>CHIEF DEPUTY CLERK |

Appeal from a district court order dismissing a civil rights action. Sixth Judicial District Court, Pershing County; Richard Wagner, Judge.

*Affirmed.*

William James Berry, Ely,
in Pro Se.

Adam Paul Laxalt, Attorney General, and Clark G. Leslie, Senior Deputy Attorney General, Carson City,
for Respondent Pamela Feil.

Dennis Brown, Lovelock,
in Pro Se.

---

BEFORE GIBBONS, C.J., TAO and SILVER, JJ.

*OPINION*

PER CURIAM:

In this opinion, we address whether civil rights complaints filed by inmates under 42 U.S.C. § 1983 in Nevada state courts are subject to the exhaustion of administrative remedies requirement imposed by the federal Prison Litigation Reform Act of 1995's (PLRA) amendment of 42 U.S.C. § 1997e(a). We must further determine whether Nevada district

courts are required to stay inmate § 1983 claims filed prior to the exhaustion of administrative remedies so that the inmate can exhaust all available administrative remedies, or whether complaints filed before exhaustion is complete must be dismissed. Below, the district court dismissed appellant's complaint, concluding that § 1997e(a)'s exhaustion requirement applied to appellant's § 1983 claims, that appellant had failed to exhaust his administrative remedies, and that there was no basis for the court to stay his claims to allow him to exhaust those remedies.

Because the PLRA's exhaustion requirement applies to any inmate § 1983 civil rights claims regarding prison conditions, regardless of what court the complaint is filed in, the district court properly applied the exhaustion requirement to this case. And since appellant's complaint alleged federal civil rights claims and not state tort claims, the district court did not have the discretion to stay the case to allow appellant to exhaust his administrative remedies. Indeed, because the PLRA makes prefiling exhaustion mandatory for § 1983 civil rights claims challenging conditions of confinement, the district court was required to dismiss, rather than stay, appellant's complaint. Thus, the district court did not err in dismissing appellant's complaint based on his failure to exhaust his administrative remedies prior to filing the complaint.

## BACKGROUND

Appellant William J. Berry, an inmate, filed the underlying civil rights complaint against respondents Pamela Feil, the Lovelock Correctional Center law library supervisor, and Dennis Brown, an inmate library clerk, in the Sixth Judicial District Court pursuant to 42 U.S.C. § 1983. In his complaint, Berry alleged that Feil and Brown failed to mail his confidential legal mail and conspired to hide evidence of this alleged transgression, and that Feil retaliated against Berry for filing a grievance

against her by refusing his requests for legal supplies and confiscating his books. Based on these allegations, the complaint asserted violations of Berry's right to free speech under the First Amendment to the United States Constitution and his rights to due process and unobstructed access to the courts under the Fifth and Fourteenth Amendments.

Feil subsequently moved to dismiss the complaint for failure to exhaust administrative remedies. While Feil acknowledged that Berry filed grievances regarding the incidents alleged in his complaint, she asserted he nonetheless failed to exhaust his administrative remedies because he did not complete all the steps of the grievance process as required by federal law. In response, Berry moved to strike the motion to dismiss. Although he did not file a separate, specifically labeled opposition to the motion to dismiss, his motion to strike included substantive arguments addressing the grounds on which Feil sought to have his complaint dismissed, and thus, despite its title, it effectively operated as both a motion to strike and an opposition to Feil's motion. The district court subsequently dismissed Berry's entire complaint without prejudice based on his failure to exhaust his administrative remedies.[1] This appeal followed.

## ANALYSIS

Congress enacted the Prison Litigation Reform Act of 1995 in an effort to curb a sharp rise in prisoner litigation that had occurred in the years preceding its passage. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006).

---

[1]After the district court dismissed the complaint, Brown filed a motion seeking to dismiss himself from the action. Because the district court had already dismissed the complaint, no action was taken in response to that motion.

Among other things, the PLRA amended 42 U.S.C. § 1997e(a) to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, § 803, 110 Stat. 1321-71 (1996) (codified as amended at 42 U.S.C. § 1997e(a) (1996)).

In its order dismissing the complaint, the district court noted that § 1997e(a) limits inmates' abilities to file civil rights actions relating to prison conditions by requiring them to first exhaust all available administrative remedies. Thus, because it found Berry failed to exhaust his administrative remedies, the district court concluded Berry's complaint must be dismissed pursuant to the PLRA. On appeal, Berry argues the district court erred in applying the PLRA's exhaustion requirement to his state court civil rights action, even though his case was brought under § 1983. He further argues that, rather than dismissing his action, the district court was required to stay his case to allow him to exhaust his administrative remedies.[2]

We address each of Berry's arguments below in turn. In addressing these contentions, we must accept all of the factual allegations

---

[2]In addressing whether he exhausted his administrative remedies, Berry broadly states that an issue on appeal is "[d]id the district court erroneously conclude that [Berry] failed to exhaust [his] administrative remedies?" Berry, however, does not present any arguments explaining how he believes he had exhausted his administrative remedies. Given his failure to provide cogent arguments on this point, we do not address this assignment of error. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (recognizing that appellate assertions not cogently argued need not be considered on appeal).

in the complaint as true and draw all inferences in favor of Berry. *See Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 227-28, 181 P.3d 670, 672 (2008) (explaining that, on appeal, a court rigorously reviews a dismissal for failure to state a claim, accepting all of the factual allegations in the complaint as true and drawing all inferences in favor of the plaintiff).

*Applicability of 42 U.S.C. § 1997e(a) to inmate 42 U.S.C. § 1983 civil rights actions filed in Nevada district courts*

Berry filed a district court civil rights action under 42 U.S.C. § 1983, alleging violations of his constitutional rights under the First, Fifth, and Fourteenth Amendments to the United States Constitution. Under § 1983, a civil rights action may be initiated to seek redress from a person acting under color of law of any state or the federal government who has deprived that party of a right, privilege, or immunity protected by the Constitution or laws of the United States. *See Butler ex rel. Biller v. Bayer*, 123 Nev. 450, 458, 168 P.3d 1055, 1061 (2007). Although § 1983 actions provide a mechanism for parties to obtain relief for violations of their federal rights, both state and federal courts have jurisdiction over actions initiated pursuant to that statute. *Haywood v. Drown*, 556 U.S. 729, 731 (2009). And as set forth above, the PLRA's amendment of § 1997e(a) requires the exhaustion of all available administrative remedies before inmates can bring § 1983 civil rights claims challenging conditions of confinement.

Below, the district court relied on § 1997e(a) in dismissing Berry's underlying action based on its determination Berry had failed to exhaust his administrative remedies prior to filing his civil rights complaint. On appeal from this determination, Berry insinuates that § 1997e(a) does not apply to his complaint because it was brought in state,

rather than federal court. Contrary to Berry's argument, however, federal and state courts that have been confronted with this issue have widely recognized that the PLRA's exhaustion requirement applies to § 1983 actions filed in state courts. *See, e.g., Johnson v. Louisiana ex rel. La. Dep't of Pub. Safety & Corr.*, 468 F.3d 278, 280 (5th Cir. 2006); *Baker v. Rolnick*, 110 P.3d 1284, 1288-89 (Ariz. Ct. App. 2005).[3]

For example, in *Johnson*, the United States Court of Appeals for the Fifth Circuit addressed an inmate's § 1983 civil rights complaint that had been removed from state court to federal court, where it was subsequently dismissed on exhaustion grounds under § 1997e(a). 468 F.3d at 279. On appeal from the dismissal order, the inmate-plaintiff argued that § 1997e(a)'s exhaustion requirement did not apply because his complaint was originally brought in state court. *Id.* The Fifth Circuit rejected this argument, however, determining that the language of § 1997e(a) did not limit its application to only those claims filed in federal court. *Id.* at 280.

The Arizona Court of Appeals came to the same conclusion in addressing an appeal from the dismissal of an inmate's § 1983 civil rights action. *Baker*, 110 P.3d at 1285. In challenging the dismissal of his complaint, the inmate-plaintiff in *Baker* argued § 1997e(a) did not apply to actions filed in state courts. *Id.* at 1287. The *Baker* court rejected this

---

[3]Other courts have likewise acknowledged the applicability of the PLRA's exhaustion requirement to § 1983 actions filed in state courts. *See Richardson v. Comm'r of Corr.*, 863 A.2d 754, 756 & n.1 (Conn. App. Ct. 2005); *Toney v. Briley*, 813 N.E.2d 758, 760 (Ill. App. Ct. 2004); *Higgason v. Stogsdill*, 818 N.E.2d 486, 490 (Ind. Ct. App. 2004); *Kellogg v. Neb. Dep't of Corr. Servs.*, 690 N.W.2d 574, 579 (Neb. 2005); *Martin v. Ohio Dep't of Rehab. & Corr.*, 749 N.E.2d 787, 790 (Ohio Ct. App. 2001).

argument, however, and affirmed the dismissal of the complaint, relying on § 1997e(a)'s "broad and unequivocal" declaration that "no action shall be brought without exhaustion of remedies" and Congress's intent to have state courts uniformly apply federal civil rights laws. *Id.* at 1288 (internal quotations omitted).

We find the reasoning of these decisions persuasive. Not only does § 1997e(a) not include language restricting its applicability to federal court actions, *see Johnson*, 468 F.3d at 280, but it specifically declares "[*n*]*o action shall be brought* with respect to prison conditions under section 1983 of this title" by any inmate until all available administrative remedies have been exhausted. 42 U.S.C. § 1997e(a) (emphasis added). And as the *Baker* court recognized, the "unequivocal" plain language utilized in § 1997e(a) makes that statute applicable to all § 1983 actions brought by incarcerated individuals to challenge the conditions of their confinement, regardless of whether those actions are filed in state or federal court. *Baker*, 110 P.3d at 1288; *see also Talamantes v. Leyva*, 575 F.3d 1021, 1023 (9th Cir. 2009) (applying the plain language rule to determine whether a released inmate must still exhaust administrative remedies under § 1997e(a) when filing a civil rights action regarding prison conditions); *Allstate Ins. Co. v. Fackett*, 125 Nev. 132, 138, 206 P.3d 572, 576 (2009) (providing that, to determine legislative intent, Nevada courts first look to the statute's plain language).

Consistent with these decisions, we likewise conclude the PLRA's exhaustion requirement set forth in § 1997e(a) applies to inmate § 1983 civil rights actions challenging prison conditions filed in Nevada state courts. *See Johnson*, 468 F.3d at 280; *Baker*, 110 P.3d at 1288. Here, Berry does not dispute that his complaint, which alleged, among

other things, that Feil and Brown tampered with his legal mail and that Feil retaliated against him for filing a grievance against her, challenged his conditions of confinement. *See Powell v. Liberty Mut. Fire Ins. Co.*, 127 Nev. 156, 161 n.3, 252 P.3d 668, 672 n.3 (2011) (providing that issues not raised by a party on appeal are deemed waived); *see also Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."). Under these circumstances, the district court did not err in applying § 1997e(a)'s exhaustion requirement to Berry's claims.

*Nevada district courts may not stay inmate civil rights claims brought under 42 U.S.C. § 1983 to allow exhaustion of administrative remedies*

Berry next argues that, in dismissing his underlying civil rights action, the district court impermissibly refused to stay his claims so he could exhaust his administrative remedies.[4] While Berry's argument on this point is somewhat vague, he appears to be referring to NRS 41.0322(3), which provides that "[a]n action filed by a person in [the custody of the Nevada Department of Corrections seeking to recover compensation for loss or injury] before the exhaustion of the person's administrative remedies must be stayed by the court in which the action is filed until the administrative remedies are exhausted" unless the person

---

[4]Within this argument, Berry also asserts the district court abused its discretion by not allowing him to amend his complaint. Because Berry never requested leave to file an amended complaint, however, he has waived any amendment-based arguments. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) (holding that a point not urged in the district court is waived on appeal).

 

has failed to timely file an administrative claim. In addressing this issue below, the district court held NRS 41.0322(3) did not mandate a stay of Berry's complaint to allow him to exhaust his administrative remedies because he did not raise any state tort claims.

NRS 41.0322(3) applies only to inmate claims for "loss of the person's personal property, property damage, personal injuries or any other claim arising out of a tort pursuant to NRS 41.031." *See* NRS 41.0322(1). Here, Berry's complaint did not allege any state tort claims, and instead, sought relief only for asserted violations of his civil rights under § 1983. Thus, as the district court recognized in dismissing the complaint, NRS 41.0322(3) is inapplicable to Berry's § 1983 civil rights claims and did not require the district court to stay these claims to allow him to exhaust his administrative remedies.[5]

Moving beyond NRS 41.0322(3), our examination of the Nevada Revised Statutes reveals no statute that could be read as requiring or even authorizing a district court to stay inmate civil rights complaints to allow inmates to exhaust available administrative remedies. Moreover, the federal courts have recognized that, under the PLRA, if an inmate has not exhausted administrative remedies before filing a § 1983 civil rights action pertaining to the conditions of the inmate's confinement, dismissal of the complaint is mandatory, *see, e.g., Neal v. Goord*, 267 F.3d

---

[5]Despite rejecting Berry's NRS 41.0322(3)-based argument, the district court nonetheless examined his claims under that statute in a hypothetical context and concluded that his case would still be dismissed pursuant to that statute as Berry failed to timely pursue his administrative remedies. Because we conclude NRS 41.0322(3) does not apply to Berry's § 1983 claims, we need not address the district court's decision in this regard.

116, 122 (2d Cir. 2001), *overruled on other grounds by Porter v. Nussle*, 534 U.S. 516, 532 (2002), and thus a district court may not stay such an action to allow an inmate to exhaust any available administrative remedies. *McCoy v. Goord*, 255 F. Supp. 2d 233, 254 (S.D.N.Y. 2003).

In *Neal,* the United States Court of Appeals for the Second Circuit addressed whether the PLRA required the dismissal of an inmate's pre-exhaustion § 1983 civil rights complaint. 267 F.3d at 122. The Second Circuit noted that § 1997e(a) had previously allowed district courts to continue a civil rights case for up to 180 days to allow for the exhaustion of available administrative remedies, but, through the PLRA, Congress had amended § 1997e(a) to provide that "[n]o action shall be brought [by an inmate] with respect to prison conditions under section 1983 of this title or any other Federal law" until all available administrative remedies are exhausted. 42 U.S.C. § 1997e(a); *see also Neal*, 267 F.3d at 122 (discussing the amendments to § 1997e(a)). In affirming the dismissal of the underlying § 1983 action, the court concluded this amended language clearly and unambiguously requires the exhaustion of administrative remedies prior to commencing a § 1983 civil rights complaint. *Neal*, 267 F.3d at 122. The *Neal* court further emphasized that Congress's removal of the continuance provision from § 1997e(a) "lends strong support to the conclusion that dismissal is warranted." *Id.*

Following the Second Circuit's decision in *Neal*, the United States District Court for the Southern District of New York looked to *Neal*'s analysis of the PLRA in addressing whether an inmate's pre-exhaustion § 1983 complaint may be stayed, rather than dismissed, to allow the inmate to exhaust administrative remedies. *McCoy*, 255 F. Supp. 2d at 254. And in resolving this issue, the *McCoy* court

determined that "[i]n the context of § 1983 and the PLRA . . . the district court may not stay the action pending exhaustion, as Congress eliminated the authority to do so by enacting the PLRA. Pre-suit exhaustion is thus required." *Id.* (citation omitted).

State courts have likewise recognized the PLRA's elimination of the 180-day continuance period and the resulting requirement that inmate-plaintiffs exhaust their administrative remedies prior to initiating a § 1983 civil rights complaint in order to avoid dismissal of their actions.[6] *See State v. Circuit Court for Dane Cnty.*, 599 N.W.2d 45, 48 n.6, 49 (Wis. Ct. App. 1999). In line with the conclusions reached by the *Neal, McCoy,* and *Dane County* courts, we determine that the mandatory exhaustion requirement set forth in § 1997e(a) requires inmate-plaintiffs to exhaust their administrative remedies prior to filing any § 1983 civil rights complaints in Nevada state courts challenging the conditions of their confinement. We further conclude that this mandatory exhaustion requirement prohibits a district court from staying such a complaint to allow an inmate-plaintiff to exhaust administrative remedies. *See Neal,* 267 F.3d at 122. Instead, when an inmate files a § 1983 civil rights

---

[6]In Tennessee, inmates have, by statute, 90 days from the date a complaint regarding any claim subject to review by the prison grievance committee is filed to exhaust their administrative remedies. Tenn. Code Ann. § 41-21-806(a), (c) (West 2014). Addressing the interplay between this statute and § 1997e(a), the Tennessee Court of Appeals concluded the Tennessee statute applies to § 1983 claims and is not preempted by § 1997e(a). *Pendleton v. Mills,* 73 S.W.3d 115, 129 (Tenn. Ct. App. 2001). As detailed above, however, NRS 41.0322(3) applies only to state tort claims and, unlike Tennessee, Nevada has no statute that could be viewed as inconsistent with the PLRA's mandatory, prefiling exhaustion requirement. As a result, the preemption concerns discussed in *Pendleton* are not involved here.

complaint in a Nevada district court challenging conditions of confinement without first having exhausted all available administrative remedies, the district court is required to dismiss the complaint.

As set forth above, Berry does not dispute that his § 1983 civil rights claims challenged the conditions of his confinement. And while Berry baldly asserts the district court erred in concluding he failed to exhaust his administrative remedies, he provides no argument or explanation as to how he had exhausted these remedies. Thus, the district court did not err in refusing to stay Berry's claims and dismissing the underlying matter based on Berry's failure to exhaust his administrative remedies prior to filing the action. Accordingly, we affirm the district court's dismissal of Berry's § 1983 civil rights action.[7]

_____, C.J.
Gibbons

_____, J.
Tao

_____, J.
Silver

---

[7]While Berry summarily presents several other issues on appeal, he fails to provide any substantive arguments regarding these issues and the bases of his appellate concerns on these points cannot be gleaned from the summary issue statements he has provided. Under these circumstances, we decline to consider the remaining issues that Berry presents on appeal. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (providing that a court need not consider appellate assertions not supported by cogent arguments).