*Fleming-Pancione v. Menard*, 630-10-15 Wncv (Teachout, J., July 27, 2017)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Washington Unit** | **Docket No. 630-10-15 Wncv** |

**SHAYNE FLEMING-PANCIONE**
    **Plaintiff**

    **v.**

**LISA MENARD, Commissioner,**
**Vermont Department of Corrections**
    **Defendant**

### DECISION
### The State's Motion to Dismiss and for Summary Judgment

Inmate–Plaintiff Shayne Fleming-Pancione initiated this case claiming that the Vermont Department of Corrections had failed to place him in work camp, and give him good time credit for work camp, due to an incorrect interpretation of its work camp eligibility policy or his concurrent federal sentence. He claimed that this violated his federal Equal Protection Clause and Vermont Common Benefits Clause rights. After his federal sentence expired, he amended the complaint to assert several additional claims based on alternative reasons the DOC purported to not place him in work camp. In all events, Mr. Fleming-Pancione has sought placement in work camp or good time credit for work camp based on the belief that he is and has been eligible for work camp and eligibility required placement or is sufficient to warrant good time credit.

The State filed a motion seeking dismissal and summary judgment. It argues: (1) DOC decisions about work camp are not reviewable; (2) Mr. Fleming-Pancione has no right to choose which facility the DOC places him in; (3) he lacks a liberty interest in good time to support any due process claim; (4) he has failed to sufficiently plead an Equal Protection claim; (5) he has failed to sufficiently plead a Common Benefits claim; (6) the DOC has not abused its discretion by choosing to not place Mr. Fleming-Pancione in work camp; (7) the State is entitled to summary judgment on the merits of the Equal Protection claim; (8) the State is entitled to summary judgment on the merits of the Common Benefits claims; and (9) there is no basis for any declaratory judgment in Mr. Fleming-Pancione's favor.

Before this case was filed, the DOC had classified Mr. Fleming-Pancione as "medium custody" because he was concurrently serving federal and Vermont sentences. Eligibility for work camp requires, among other qualities, minimum custody. The DOC had asserted his medium custody status as a reason for not placing Mr. Fleming-Pancione in work camp. Mr. Fleming-Pancione disagreed that he was properly treated as medium custody based on the federal sentence or that he should be denied work camp. He grieved that matter and a decision of the Commissioner resulted. Then he filed this lawsuit to challenge the Commissioner's decision.

The originally asserted basis for denying work camp, the concurrent federal sentence, became moot once the federal sentence expired. Mr. Fleming-Pancione presumably continues to seek good time for the work camp placement to which he believes he was entitled. He also disputes the DOC's subsequently asserted bases for denying him work camp.

Mr. Fleming-Pancione's principal claim is predicated on several apparent misunderstandings. Work camp is a program of "rehabilitation through community service." *Charbonneau v. Gorczyk*, 2003 VT 105, ¶ 6, 176 Vt. 140. Generally, the DOC's decisions about any particular inmate's programming are unreviewable. *Rheaume v. Pallito*, 2011 VT 72, ¶ 11, 190 Vt. 245. While Mr. Fleming-Pancione argues at length that he is and has been *eligible* for work camp according to a proper interpretation of the DOC's work camp eligibility policy, no statute or rule requires the DOC to place any inmate, eligible or not, in work camp. Similarly, no statute or rule requires the DOC to give an inmate who is in work camp, or who is eligible but not in work camp, good time credit. Finally, nothing in the work camp eligibility policy prevents the DOC from treating an inmate as medium custody due to a concurrent federal sentence. There is no lawful basis for the claim that Mr. Fleming-Pancione raised administratively in his exhausted grievance and included in his original and amended complaints.

Mr. Fleming-Pancione's other claims were not properly preserved in an exhausted grievance. Any issue raised in court must have been presented to the agency during that administrative process.

"A party's failure to exhaust administrative remedies permits a court to dismiss the action for lack of subject matter jurisdiction." *Jordan v. State Agency of Transp.*, 166 Vt. 509, 511 (1997). Under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), that same requirement applies when a prisoner asserts a cause of action arising under the federal constitution. See *Johnson v. Louisiana*, 468 F.3d 278, 280 (5th Cir. 2006) (explaining that this provision applies in state court). "Preservation does not implicate a court's subject matter jurisdiction over an entire case. Instead, it affects a court's authority to hear and decide an issue; we have consistently held that we will not address issues that were not properly preserved before the relevant administrative agency." *Pratt v. Pallito*, 2017 VT 22, ¶ 16.

The grievance history in the record shows that the additional claims that Mr. Fleming-Pancione raised in his amended complaint were never raised administratively. He therefore did not preserve those claims.

He also did not properly preserve his constitutional claims. *Pratt* is clear that "to properly preserve an issue, a party must present the issue to the administrative agency 'with specificity and clarity in a manner which gives the [agency] a fair opportunity to rule on it.'" *Id*. (citation omitted). The administrative record shows that the first mention of any constitutional claim occurred in the last step of the grievance process, the appeal to the commissioner. Mr. Fleming-Pancione wrote: "[T]he Vermont Common Benefits Clause [guarantees] me the equal treatment as other prisoners or class of prisoners of the same custody level. To treat me differently than other Vermont prisoners would be in violation of that law." This is insufficiently expressed and came too late in the grievance process to give the DOC a fair chance to meaningfully rule, and the Commissioner in fact did not address the matter. No constitutional

claims were preserved.

ORDER

For the foregoing reasons, the State's motion for summary judgment is granted.

Dated at Montpelier, Vermont this _____ day of July 2017.

_____
Mary Miles Teachout,
Superior Judge