*Wool v. Pallito*, No. 360-6-15 Wncv (Teachout, J., Sept. 1, 2017).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Washington Unit** | **Docket No. 360-6-15 Wncv** |

**KIRK WOOL**
    **Plaintiff**

    **v.**

**ANDREW PALLITO et al.**
    **Defendants**

### DECISION
**Defendants' Motion for Summary Judgment, MPR #28**
**Defendants' Partial Motion for Summary Judgment, MPR #29**
**Mr. Wool's Motion for Summary Judgment, MPR #43**
**Any Other Pending Motions or Requests**

In this case, Kirk Wool, an inmate in the custody of the Commissioner of the Department of Corrections, alleges that he did not receive adequate mental health treatment in two several-month periods and that the deprivations were so severe as to violate the Eighth Amendment to the U.S. Constitution.[1] In the first period, April to October 2014, psychiatric care was provided to inmates under a contract with Correct Care Solutions. In the second period, October 2015 to January 2016, it was provided under a contract with Centurion of Vermont. He seeks monetary damages and an injunction preventing the Department of Corrections from entering into contracts with psychiatric providers that allow for no more than one "prescriber" per 300 inmates. Defendants seeks summary judgment on all claims, as does Mr. Wool.[2]

*Preliminary matters*

The most recent filings in this case reflect confusion over whether Mr. Wool was required to satisfy 12 V.S.A. § 1042 in this case, and what precisely his claims in this case are. Section 1042 requires a plaintiff to file a certificate of merit to proceed with a medical negligence claim. Mr. Wool apparently came to believe that his claims in this case are subject to

---

[1] The claims in this case first appeared in a case docketed as No. 579-9-14 Wncv. When that case was appealed, Mr. Wool filed this case, asserting the identical claims. The appeal resulted in a reversal and two identical cases, which then were consolidated under this docket number. Mr. Wool recently filed what appear to be the identical claims under a third docket number, No. 208-4-17 Wncv. The court declines to respond to the parties' comments or requests about No. 208-4-17 Wncv under this docket number. All of Mr. Wool's claims against all defendants under this docket number and No. 579-9-14 Wncv appear in one consolidated amended complaint filed under this docket number on May 23, 2016. That is the complaint with the claims that the parties have briefed and the court addresses here.

[2] Defense counsel and the defendants differ based on which contractor was providing care at the time corresponding to each claim; hence the two summary judgment motions by Defendants.

§ 1042 though he had never filed a certificate of merit. He sought to voluntarily dismiss this case without prejudice so he could refile the complaint with the required certificate. (No defendant had sought dismissal on that basis.) He later withdrew the motion.

Section 1042 applies to claims of medical negligence. Mr. Wool's claims do not sound in negligence. The claims in the amended complaint assert violations of the Eighth Amendment: that is, deliberate indifference to serious medical needs, which is not the same as negligence. Accordingly, § 1042 is irrelevant to this case.

He also cites in the complaint to 28 V.S.A. §§ 801, 907. Section 801 sets certain standards regarding medical care generally for Vermont prisoners. Section 907 more specifically describes standards regarding mental health treatment for prisoners. Mr. Wool appears to cite these provisions in support of his Eighth Amendment claims rather than as independent claims. To the extent that they may have been intended as independent damages claims, there has been no showing that either statute contemplates monetary awards to prisoners from the State or anyone else.

Mr. Wool seeks an injunction prohibiting the DOC from entering into contracts with psychiatric care providers that allow for no more than one "prescriber" per 300 inmates. He has come forward with no evidence that the DOC has so contracted in the past, is now in such a contract, or is contemplating any such contract. Thus, even if Mr. Wool otherwise could demonstrate some entitlement to such relief, on this record there is nothing to enjoin. Thus, there is no basis for injunctive relief.

Mr. Wool has two Eighth Amendment claims, brought pursuant to 42 U.S.C. § 1983, for damages relating to two time-periods in which he asserts deliberate indifference to his serious health needs. These claims are addressed in the three pending summary judgment motions. Any other motions or requests relating to any other matters are denied.

*Exhaustion and preservation*

"This Court has consistently held that when administrative remedies are established by statute or regulation, a party must pursue, or 'exhaust,' all such remedies before turning to the courts for relief." *Jordan v. State Agency of Transp.*, 166 Vt. 509, 511 (1997). Under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), that same requirement also applies when a prisoner asserts a cause of action arising under the federal constitution. See *Johnson v. Louisiana*, 468 F.3d 278, 280 (5th Cir. 2006); *Kellogg v. Neb. Dep't of Corr. Servs.*, 690 N.W.2d 574, 579 (Neb. 2005) (PLRA exhaustion requirement applies in state court). Any issue raised in court also must be properly preserved. "[T]o properly preserve an issue, a party must present the issue to the administrative agency 'with specificity and clarity in a manner which gives the [agency] a fair opportunity to rule on it." *Pratt v. Pallito*, 2017 VT 22, ¶ 16.

There is no showing that Mr. Wool exhausted his administrative remedies and preserved any issues that he has sought to raise here, and the record implies that he has not. While Defendants have not sought dismissal on this basis, exhaustion is jurisdictional. See *id*. ¶ 15. Preservation is not jurisdictional. However, "we have consistently held that we will not address

issues that were not properly preserved before the relevant administrative agency." *Id*. ¶ 16.

Thus, the claims must be dismissed for lack of exhaustion and preservation.

*Eighth Amendment*

Alternatively, Defendants are entitled to summary judgment because Mr. Wool has failed to come forward with evidence showing any triable issue regarding his Eighth Amendment claims.

Mr. Wool claims that, during the relevant times, he suffered from severe anxiety and insomnia. He does not assert that he received no treatment for it. Instead, he claims that the treatment he received was ineffective and he should have been prescribed medication sooner. In other words, he claims that the treatment he received was not as good as it should have been. While he has endeavored to show that a duty was breached, he has failed to come forward with any evidence of deliberate indifference, the proper focus of an Eighth Amendment claim. At most, Mr. Wool may have a negligence claim that he has not pursued in this case, but there is no viable constitutional claim on this record.

The United States Supreme Court has recognized that deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976). Inadequate medical care is not necessarily a constitutional violation, however. As the Court described,

> [I]n the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment.

*Id*. at 105–06. Deliberate indifference means "that the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

The inmate in *Estelle* repeatedly complained of and was treated for back pain, chest pain, and other medical issues. *Estelle*, 429 U.S. at 99–101. Despite repeated treatments for those conditions, his complaints persisted and he eventually filed suit, claiming cruel and unusual punishment in violation of the Eighth Amendment. The Court acknowledged his allegations that there was no diagnosis, his treatment was inadequate, potential medical options had not been pursued, and that "more should have been done." *Id*. at 107. As the Court said,

3

But the question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice, and as such the proper forum is the state court.

*Id*. The existence of medical negligence does not on its own also show a violation of the Eighth Amendment.

Mr. Wool complains that he should have been prescribed psychiatric medication sooner than he got it and that the treatment he had been getting was ineffective. There is, however, no evidence that anyone consciously disregarded known and serious medical needs, and Defendants are not the guarantors of Mr. Wool's health.

To the extent that Mr. Wool has focused on the insufficient number of "prescribers" during a time, he similarly has failed to show any deliberate indifference. Instead, the most the record can bear is that the DOC was short for a time on doctors who prescribe psychiatric medication after some departures that were difficult to fill. It is not clear that this shortage had any material effect on Mr. Wool's treatment, but even if it did, there nevertheless remains no evidence of deliberate indifference. There is no evidence that the shortage was intentional (deliberate) or that the DOC did not take steps to resolve it. Otherwise, the evidence appears to be that everyone did their best to cope with it while it existed.

Mr. Wool has had a fair opportunity to develop the evidence in this case. The evidence is not sufficient to show a triable issue of deliberate indifference. Defendants are entitled to summary judgment on that basis. There is no need to address the other issues raised by Defendants.

ORDER

For the foregoing reasons, Defendants' motions for summary judgment are granted. Mr. Wool's motion for summary judgment is denied. Any other pending motions or requests are denied.

Dated at Montpelier, Vermont this 1st day of September 2017.

_____
Mary Miles Teachout
Superior Judge

4