*Bartshe v. Menard*, 267-5-16 Wncv (Teachout, J., Dec. 15, 2017)
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                                       **CIVIL DIVISION**
**Washington Unit**                                                       **Docket No. 267-5-16 Wncv**

**JAMES A. BARTSHE**
            **Plaintiff**

            **v.**

**LISA MENARD, Commissioner,**
**Vermont Department of Corrections,**
**and MARBLE VALLEY REGIONAL**
**CORRECTIONAL FACILITY**
            **Defendants**

### DECISION
### Defendants' Motion to Dismiss, filed July 27, 2017

Plaintiff James A. Bartshe, an inmate in the custody of the Commissioner of the Department of Corrections, seeks Rule 75 review of the Department of Corrections' response to his request for disability accommodations related to his hearing loss. The State seeks dismissal, arguing that the DOC granted certain accommodations and the others raised in this case were never presented to the DOC administratively with any specificity and thus were not preserved for review here.

Mr. Bartshe attached his administrative paperwork to his complaint. That paperwork reflects numerous complaints about his hearing aids and proper cleaning of them as well as certain requested accommodations related to his hearing loss. That paperwork also reflects numerous responses from DOC personnel granting in whole or in part some of his requests. His claims related to his hearing aids have been resolved and dismissed from this case by stipulation.

DOC rules provide a specific, abbreviated procedure for requesting disability accommodations. DOC Directive 371.01, Procedural Guidelines §§ 12, 13. That process includes a written accommodation request, which the DOC's ADA Director will respond to within 10 days (unless additional time is necessary). If an offender is dissatisfied with the response, he may appeal directly to the commissioner. *Id*. § 13(a). Pursuant to § 13(b), if the issue is disability discrimination other than an unsatisfactory response to an accommodation request, the matter is grieved under the ordinary grievance policy, Directive 320.01.

The administrative record includes several informal complaints and grievance forms 1, 2, and 3, all filed pursuant to Directive 320.01. None of these culminated in the final step of the grievance process, an appeal to the commissioner. Directive 320.01, Procedural Guidelines § (15)(b). Thus, Mr. Bartshe did not exhaust his administrative remedies with regard to any of these grievances and they will not be addressed further here.

The record also includes an accommodation request form dated by Mr. Bartshe on December 30, 2015. The request evidently was denied and he did not appeal to the commissioner. He filed a second accommodation request form on February 23, 2016. There is no indication on the form of any administrative response. He appealed to the commissioner on March 8, 2016.

The commissioner granted the appeal to the following effects:

> The facility will provide you with opportunity [sic] to use the TeleTYprewriter [sic] (TTY) phone in an area deemed appropriate by the Superintendent. Additional, the staff will be made aware of your hearing loss and instructed to physically find you and make sure you're aware of being called if it appears you have not heard the Officer.

Letter from Heidi Fox, MSN, RN to James Bartshe (dated April 18, 2016). The scope of this appeal is properly limited to the February 23 accommodation request and appeal to the commissioner.

Mr. Bartshe filed his Rule 75 complaint in this case on May 6, 2016 without mentioning the relief granted by the commissioner. He asserted the need for the following accommodations: (1) an alert system of some kind; (2) ASL (American Sign Language) interpreter services for disciplinary hearings; (3) an unspecified accommodation for commissary orders; (4) some real time phone alternative; and (5) medical issues related to his hearing aids which have since been dismissed by stipulation.

The State argues that the commissioner granted the relief requested on issues 1 (an alert system) and 4 (a real time phone alternative), issue 5 no longer is in controversy, and issues 2 and 3 were never presented to the DOC administratively and thus were not properly preserved for review here. Mr. Bartshe responds that the DOC is generally aware of his view that he has not been accommodated extensively enough that he has "equal access" to services and opportunities available to non-hearing impaired inmates, and that the exhaustion and preservation principles of *Pratt v. Pallito*, 2017 VT 22, do not apply to this case. He further argues that if the DOC was confused about any accommodations he desires, it should have made more of an effort to discuss the matter with him.

Mr. Bartshe seeks Rule 75 review in this case. See Reporter's Notes, V.R.C.P. 75 (Rule 75 "provides a procedure applicable whenever county court review . . . is available as a matter of general law by proceedings in the nature of certiorari, mandamus, and prohibition."). He has not directly asserted an ADA claim. The exhaustion and preservation issues described in *Pratt* fully apply to this case. "A party's failure to exhaust administrative remedies permits a court to dismiss the action for lack of subject matter jurisdiction." *Jordan v. State Agency of Transp.*, 166 Vt. 509, 511 (1997). Under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), that same requirement applies when a prisoner asserts a cause of action based on a federal right. See *Johnson v. Louisiana*, 468 F.3d 278, 280 (5th Cir. 2006) (explaining that this provision applies in state court). "Preservation does not implicate a court's subject matter jurisdiction over an entire case. Instead, it affects a court's authority to hear and decide an issue; we have consistently held

2

that we will not address issues that were not properly preserved before the relevant administrative agency." *Pratt*, 2017 VT 22, ¶ 16. "[T]o properly preserve an issue, a party must present the issue to the administrative agency 'with specificity and clarity in a manner which gives the [agency] a fair opportunity to rule on it.'" *Id*. (citation omitted).

Mr. Bartshe's February 23, 2016, accommodation request form does not reflect any requests for sign language interpreters or any accommodation related to commissary requests. These issues were not fairly presented to the DOC and thus were not preserved for review here. The court will not address them further.

Mr. Bartshe also argues that the relief he was granted, an alert system and a real time phone alternative, have proven (presumably after this case was filed) to be insufficient in certain respects due to the ways in which the DOC has implemented them. That may be so, but no such complaints appear in his February 23, 2016 accommodation request form. If there are specific deficiencies, he must present them to the DOC with enough specificity that it has a fair opportunity to address them and avert litigation. This did not happen here. The court will not address these issues further on this record.

More generally, Mr. Bartshe objects that the DOC did not adequately engage with him to clarify any "vague" requests. The DOC's responsibility is to provide reasonable accommodations that address the limitations caused by Mr. Bartshe's disability. It is not necessarily obligated to provide the specific accommodations Mr. Bartshe would prefer. Mr. Bartshe also does not assert that he has any inability or difficulty in requesting accommodations. This is not a case about vague requests that the DOC misunderstood because it refused to engage him on the matter. The accommodations he pursues here either were granted or were not presented to the DOC at all. Asking for an alert system and getting one does not create ongoing jurisdiction in this court to manage its implementation. The matter, if it remains in controversy, should be presented to the DOC formally.

ORDER

For the foregoing reasons, the Defendants' Motion to Dismiss is *granted*.

Dated at Montpelier, Vermont this _____ day of December 2017.

_____
Mary Miles Teachout
Superior Judge