ALVIN F. TONEY, Plaintiff-Appellant, v. KENNETH BRILEY *et al.*, Defendants-Appellees.

Third District No. 3—03—0159

Opinion filed July 15, 2004.

Alvin F. Toney, of Joliet, appellant *pro se.*

Lisa Madigan, Attorney General, of Chicago (Gary S. Feinerman, Solicitor General, and Leslye Jones-Beatty, Assistant Attorney General, of counsel), for appellee.

PRESIDING JUSTICE HOLDRIDGE delivered the opinion of the court:

The plaintiff, Department of Corrections (DOC) inmate Alvin F. Toney, brought a federal civil rights action (42 U.S.C. §§ 1983, 1985 (2000)) against numerous named DOC employees. The defendants filed a motion to dismiss, predicated upon section 2—615 of the Code of Civil Procedure. 735 ILCS 5/2—615 (West 2002). The defendants contended that Toney's action failed to state a cause of action due to his failure to exhaust his administrative remedies as required by the

Prison Litigation Reform Act of 1995. 42 U.S.C. § 1997e(a) (2000). The trial court granted the motion, and Toney appealed. We affirm.

## I. FACTS

On September 25, 2001, a disciplinary report was prepared stating that Stateville Correctional Center inmate Alvin F. Toney had been placed in temporary confinement and investigative status pending an investigation of whether he was responsible for a homemade knife that was found in the prison law library. On October 19, 2001, a hearing was held at which Toney was present and testified. He indicated that he knew nothing about the knife and was willing to take a polygraph test to establish that fact. Nevertheless, the hearing committee concluded that the charges were substantiated. Toney was demoted to C-grade and placed in segregation and had his good-conduct or statutory good-time credit revoked, all for one-year periods. The chief administrative officer concurred with the disciplinary action.

Also on October 19, 2001, Toney filed a grievance contending that the charges against him were the result of a racist conspiracy and that the investigation did not follow appropriate procedures. That grievance was denied by both the grievance officer and the chief administrative officer on November 16, 2001. On November 19, 2001, Toney indicated that he would appeal the denial to the Director via the Administrative Review Board.

The Administrative Review Board (the Board) held a video conference hearing on February 28, 2002. After review, the Board recommended that Toney be afforded the opportunity to submit to a polygraph examination concerning his knowledge of and responsibility for the placement of the knife in the library. The Director concurred with the Board's findings on March 6, 2002.

Before that examination was completed, Toney made the contentions in his grievance the subject of a civil rights lawsuit filed in the circuit court on June 18, 2002.

On July 30, 2002, the polygraph examination was finally conducted. The results indicated that Toney had been truthful in contending that he was not responsible for the homemade knife. These results formed the basis of an August 30, 2002, letter from the Administrative Review Board. That letter recommended that the disciplinary report be expunged from Toney's record and that all disciplinary action against him be reversed. The Director concurred with this recommendation and ordered the chief administrative officer to proceed accordingly.

On October 24, 2002, the defendants filed a motion to dismiss Toney's civil rights action in the circuit court. That motion asserted

that Toney's complaint should be dismissed because it was filed before the Administrative Review Board's August 30, 2002, final decision. Therefore, Toney had failed to exhaust his administrative remedies prior to suit, as required by the Prison Litigation Reform Act of 1995. 42 U.S.C. § 1997e(a) (2000). On January 23, 2003, the circuit court granted the defendant's motion. Toney timely appealed.

## II. ANALYSIS

On appeal, Toney contends that the circuit court erred in granting the defendants' motion to dismiss. We disagree.

We review the involuntary dismissal of a complaint *de novo. Randall v. Lemke*, 311 Ill. App. 3d 848, 726 N.E.2d 183 (2000).

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (2000). Under this section, unless a prisoner takes each step within the administrative process, he will be foreclosed from litigating (*Pozo v. McCaughtry*, 286 F.3d 1022 (7th Cir. 2002)) and the trial court should dismiss the litigation without prejudice (*Perez v. Wisconsin Department of Corrections*, 182 F.3d 532 (7th Cir. 1999)).

In this case, it is clear that Toney did not wait for the completion of each step in the administrative process to be completed before filing his complaint. Toney filed suit on June 18, 2002, over two months before the Administrative Review Board issued its final decision—a decision in Toney's favor—on August 30, 2002. Therefore, a straightforward application of section 1997e leads us to conclude that the circuit court's dismissal of Toney's suit was proper.

Nevertheless, Toney argues that by the time he filed his suit, he had proceeded as far as he could with the administrative process and had not received a timely response. He therefore contends that he had exhausted all *available* administrative remedies and was free to file suit. Toney's argument relies on the Illinois Administrative Code section outlining the procedure for appealing the denial of a prisoner grievance. 20 Ill. Adm. Code § 504.850 (2002). Section 504.850(f) requires that when a prisoner appeals the denial of his grievance to the Director via the Administrative Review Board, the Director "shall review the findings and recommendations of the Board and make a final determination of the grievance within 6 months after the receipt

of the appealed grievance, where reasonably feasible under the circumstances." 20 Ill. Adm. Code § 504.850(f) (2002).[1]

Toney contends that since he filed his appeal on November 19, 2001, a final decision should have been issued by the Director on or before May 19, 2002. Toney submits that the March 6, 2002, action by the Director should not count as a final decision because it only provided for polygraph testing and was not a final resolution of the merits of his appeal. Toney claims that this order amounted to little more than a stalling tactic. Therefore, Toney argues, he was free to file his suit on June 18, 2002, nearly a full month after the May 19, 2002, deadline. We disagree.

Toney's argument ignores the language indicating that a decision is to be made within six months "where reasonably feasible under the circumstances." 20 Ill. Adm. Code § 504.850(f) (2002). Our supreme court has held that the time frames for the consideration of grievances under this section are directory, not mandatory. *Beahringer v. Page*, 204 Ill. 2d 363, 789 N.E.2d 1216 (2003). Moreover, expiration of the time frames does not grant a prisoner an automatic right of action. *Beahringer*, 204 Ill. 2d 363, 789 N.E.2d 1216. Therefore, since Toney's suit was filed before the process was completed, it was premature.

In this case Toney filed his suit *less than* one month after the six-month period ended and *before* he was subjected to polygraph testing. The results of that testing thereafter provided the basis for the favorable ruling Toney received from the Administrative Review Board and the Director on August 30, 2002. Therefore, this case presents a classic example of how the exhaustion requirement of section 1997e can limit prisoner litigation, while still providing meaningful redress for prisoner concerns. Toney failed to exhaust his administrative remedies, and the trial court properly dismissed his suit on that basis.

### III. CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Will County is affirmed.

Affirmed.

SLATER and LYTTON, JJ., concur.

---

[1]In his brief, Toney actually cites an earlier version of this section, which contained a shorter time frame for decision. However, this section was amended to read as indicated above. 25 Ill. Reg. 10775 (adopted August 24, 2001). Therefore, the relevant time frame in this case is six months.