110 P.3d 1284

John P. BAKER, Plaintiff–Appellant,

v.

Loraine ROLNICK, ADOC Counselor Supervisor; Kelly Knoll, ADOC Counselor; Scott Schmier, ADOC Counselor; Olivia Gonzales, ADOC Practitioner Nurse; Terry L. Stewart, Director of Arizona Department of Corrections, Defendants–Appellees.

No. 1 CA–CV 03–0605.

Court of Appeals of Arizona, Division 1, Department D.

May 3, 2005.

John P. Baker, Buckeye, In Propria Persona.

Terry Goddard, Attorney General, By Paul E. Carter, Assistant Attorney General, Phoenix, Attorneys for Defendants–Appellees.

**OPINION**

NORRIS, Presiding Judge.

¶ 1 Appellant John P. Baker, a prisoner in a state correctional institution, appeals from the trial court's dismissal of his claims against employees of the Arizona Department of Corrections ("ADOC") for alleged civil rights violations asserted under a federal statute, 42 U.S.C. § 1983 (2003). The sole

of probation upon the filing of a petition to revoke probation if the probationer is ultimately found to be a violator.

issue raised on appeal is whether Baker was required to exhaust his administrative remedies through the ADOC's inmate grievance system before filing his § 1983 claims in superior court.

¶ 2 We hold prisoners in state correctional institutions must exhaust all administrative remedies available to them before filing a complaint in state court alleging claims under § 1983. We reach this conclusion by relying on a federal statute, 42 U.S.C. § 1997e(a) (2003), which requires prisoners to exhaust administrative remedies available to them before bringing suit under § 1983 or any other federal law. Therefore, we affirm the trial court's dismissal of Baker's complaint due to his failure to exhaust the administrative remedies available to him before bringing his § 1983 claim in state court.

## FACTS AND PROCEDURAL BACKGROUND

¶ 3 Baker is an inmate in the ADOC. On August 30, 2002, Baker filed a "civil rights complaint" in the Superior Court of Maricopa County, Arizona against five ADOC employees and asserted they had violated his constitutional rights.[1] Baker claimed the ADOC defendants' actions collectively violated ADOC policy and his constitutional rights. Baker alleged Defendant Schmier had delayed or denied his request for extra legal supplies; Defendant Rolnick had kept him in the "wrong institution;" Defendant Knoll had untimely processed his grievances; Defendant Gonzales had denied him adequate medical care after surgery; and Defendant Stewart had implemented an improper inmate property policy. Baker did not allege he had exhausted any administrative remedies available to him with respect to his complaints against the ADOC defendants.

¶ 4 In support of his claims, Baker referenced several amendments to the United States Constitution, as well as 42 U.S.C. § 1983. Section 1983 allows a plaintiff to assert a cause of action against any person who, under color of state law or authority, deprives another person within the jurisdiction of the United States of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. Baker cited dozens of federal court cases involving § 1983 actions in an outline of "Points and Authorities" attached to his complaint. Consistent with Baker's citations, the trial court construed his complaint as a civil rights case brought pursuant to § 1983.

¶ 5 The ADOC defendants answered and denied Baker's allegations of wrongdoing. They also affirmatively alleged Baker had failed to exhaust his administrative remedies.[2]

¶ 6 Subsequently, the ADOC defendants moved to dismiss Baker's complaint under Arizona Rules of Civil Procedure 12(b) for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a). Pursuant to § 1997e(a), prisoners must exhaust adminis-

1. Baker also named 11 other state employees and officials as defendants. Baker failed to serve six of these individuals and his claims against them were dismissed. His claims against the other five had previously been dismissed by the Superior Court of Pinal County, Arizona. Division Two of this court affirmed the Pinal County trial court's dismissal in an unpublished memorandum decision. *Baker v. Stewart,* 2 CA–CV 2002–0109 (Ariz.App. June 27, 2003) (mem.decision). Accordingly, in this case, the trial court dismissed Baker's claims against these five defendants. Baker did not appeal the trial court's order dismissing these five individuals, and, thus, his arguments on appeal pertaining to them are not properly before us.

2. Although not unanimous, the federal circuit courts have generally held exhaustion under § 1997e(a) is an affirmative defense. *See Wyatt v. Terhune,* 315 F.3d 1108, 1119 (9th Cir.2003);

*Casanova v. Dubois,* 304 F.3d 75, 77–78 n. 3 (1st Cir.2002); *Ray v. Kertes,* 285 F.3d 287, 295 (3d Cir.2002); *Jackson v. District of Columbia,* 254 F.3d 262, 267–68 (D.C.Cir.2001); *Foulk v. Charrier,* 262 F.3d 687, 697 (8th Cir.2001); *Massey v. Helman,* 196 F.3d 727, 734–35 (7th Cir.1999); and *Jenkins v. Haubert,* 179 F.3d 19, 28–29 (2d Cir.1999). *But see Steele v. Fed. Bureau of Prisons,* 355 F.3d 1204, 1209–10 (10th Cir.2003) ("prisoner must plead exhaustion in his complaint"); and *Knuckles El v. Toombs,* 215 F.3d 640, 642 (6th Cir.2000) (in order to effectuate § 1997e(a)'s language requiring exhaustion, "a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome").

trative remedies available to them before bringing suit under § 1983 or any other federal law.

¶ 7 In support of their exhaustion argument, the ADOC defendants provided the court with a copy of ADOC Department Order ("DO") 802,[3] which established the Inmate Grievance System. According to its statement of purpose, the Inmate Grievance System was designed to provide inmates with "timely, administrative remedies to complaints which might otherwise unnecessarily burden the courts." DO 800. The system allows inmates to use the grievance process for issues relating to "property, staff, visitation, mail, food service, institutional procedures, [d]epartment [w]ritten [i]nstructions, program access, medical care, religion, and conditions of confinement." DO 802.01 § 1.1.1.

¶ 8 An inmate may initiate a standard, emergency, staff, medical or department written instruction grievance. The system imposes slightly different sequential administrative steps depending on the type of grievance initiated. By way of illustration, under DO 802.08 § 1.1, which governs standard grievance proceedings, inmates must first attempt to resolve issues informally by filing an Inmate Issue/Response form with their assigned counselors. If the problem cannot be resolved informally, the inmate may submit a formal Inmate Grievance to the Grievance Coordinator for review. DO 802.08 § 1.4. If the inmate is dissatisfied with the Grievance Coordinator's response, the inmate may then appeal to the Warden or Deputy Warden within ten days after receiving the Grievance Coordinator's response. DO 802.09 § 1.3.1. The inmate may appeal the Warden's or Deputy Warden's response to

the Director within ten days after receiving the Warden or Deputy Warden's response. DO 802.09 § 1.4.1. The Director's response is final and exhausts all available administrative remedies. DO 802.09 § 1.4.4. The other four types of grievance proceedings also terminate with the Director's response for purposes of exhaustion. DO 802.10–802.14.

¶ 9 The ADOC defendants additionally submitted an affidavit to the court from an ADOC legal assistant. Counsel for the ADOC defendants had requested the legal assistant to obtain "evidence" of any grievances Baker had filed against ADOC defendants Schmier, Rolnick, Knoll and Gonzales. Relying on ADOC grievance records and "logs," the ADOC legal assistant concluded Baker had failed to "exhaust the available administrative remedies with regard to grievances he might have filed regarding any of the issues [Baker raised against these] individuals." The legal assistant's affidavit did not address whether Baker had exhausted his complaints against Defendant Stewart.

¶ 10 In response, Baker principally argued § 1997e(a)'s exhaustion requirement only applied to § 1983 actions filed in federal courts. He also generally asserted that he had "grieved" the ADOC defendants' actions or otherwise appealed their decisions, that classification issues were not grievable, and that he had attempted to "grieve" various issues, but "they came back 'not processed' and, therefore, could not be appealed to a higher level."[4]

¶ 11 The trial court granted the ADOC defendants' motion to dismiss. It found Baker had failed to exhaust his administrative remedies.

---

**3.** Department orders referenced in this opinion are available at http://www.az corrections.gov /policies/800list. html (last accessed April 20, 2005).

**4.** Unprocessed is defined as "[a] condition which results from the paper work addressing a particular issue being returned to an inmate without being assigned a case number or being processed in any manner." DO 802, Definitions. The federal circuit courts have reached differing conclusions on whether an inmate can satisfy § 1997e(a)'s exhaustion requirement by filing an untimely grievance appeal. *Compare Thomas v.*

*Woolum*, 337 F.3d 720, 733 (6th Cir.2003) (deeming an untimely grievance sufficient to exhaust inmate's administrative remedies), *with Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir.2002) (holding inmate "must follow the rules governing filing and prosecution of a claim" including time limits to exhaust administrative remedies). Based on our resolution of this matter, we do not need to address these conflicting procedural default decisions by deciding whether Baker exhausted his administrative remedies by, in essence, failing to employ them.

¶ 12 Baker timely appealed. We have jurisdiction over this appeal under Arizona Revised Statutes ("A.R.S.") § 12–2101(B) (2003).

## DISCUSSION

¶ 13 Baker's sole legal argument on appeal is that the trial court should have allowed his § 1983 claims against the ADOC defendants to go forward because § 1997e(a)'s exhaustion requirement only applies to civil rights claims pending in federal, not state court. Baker does not challenge the trial court's factual finding that he failed to exhaust his administrative remedies under DO 802 regarding his complaints against the ADOC defendants.[5]

■ ¶ 14 We review de novo a dismissal for failure to state a claim. *See Fairway Constructors, Inc. v. Ahern,* 193 Ariz. 122, 124, ¶ 6, 970 P.2d 954, 956 (App.1998). In reviewing the claim, we take all facts asserted to be true but review all legal issues de novo. *Republic Nat'l Bank of N.Y. v. Pima County,* 200 Ariz. 199, 201, ¶ 2, 25 P.3d 1, 3 (App.2001); *see also Logan v. Forever Living Prods. Int'l, Inc.,* 203 Ariz. 191, 192, ¶ 2, 52 P.3d 760, 761 (2002).

### I. Administrative Exhaustion Under 42 U.S.C. § 1997e(a)

■ ¶ 15 Ordinarily, plaintiffs pursuing civil rights claims under § 1983 need not exhaust any administrative remedies available to them. *Patsy v. Bd. of Regents,* 457 U.S. 496, 516, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982). Congress replaced this "general rule of non-exhaustion," however, with a "general rule of exhaustion" for all prisoner suits based on federal law. *Porter v. Nussle,* 534 U.S. 516, 525 n. 4, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). Under 42 U.S.C. § 1997e(a), part of what is commonly referred to as the Prison Litigation Reform Act ("PLRA"), prisoners are required to exhaust administrative remedies before bringing suit under § 1983. Section 1997e(a) mandates:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

¶ 16 In *Porter,* the Supreme Court explained exhaustion in cases subject to § 1997e(a) is "mandatory." 534 U.S. at 524, 122 S.Ct. 983. It further summarized the objectives of this mandatory exhaustion requirement as follows:

Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might "filter out some frivolous claims." And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

*Id.* at 524–25, 122 S.Ct. 983 (citations omitted). Federal courts have uniformly recognized § 1997e(a)'s exhaustion requirement as mandatory. *See, e.g., Ross v. County of Bernalillo,* 365 F.3d 1181, 1184 (10th Cir.2004); *Thomas v. Woolum,* 337 F.3d 720, 722 (6th Cir.2003); *Wyatt v. Terhune,* 315 F.3d 1108, 1119 (9th Cir.2003).

### II. Application of 42 U.S.C. § 1997e(a) in State Court

■ ¶ 17 Despite § 1997e(a)'s plain language requiring exhaustion of administrative remedies, it is not entirely clear from the language and legislative history of § 1997e(a) whether that section should be literally interpreted to require exhaustion of administrative remedies in § 1983 prisoner suits filed in

---

**5.** We have some question as to whether the evidence presented to the trial court by the ADOC defendants definitively demonstrated Baker had failed to exhaust his administrative remedies regarding his complaints against them. See ¶¶ 3 and 9 *infra.* As noted above, however, Baker did not raise this issue on appeal. Thus, this issue is not before us.

all courts, state or federal, or simply to such actions filed in federal court.[6] Baker hones in on this interpretive issue, arguing the PLRA contains no language explicitly applying § 1997e(a) to § 1983 actions brought in state court and therefore the exhaustion requirement is inapplicable and his claims against the ADOC defendants should have been allowed to go forward. We believe the broad yet plain language of § 1997e(a) encompasses § 1983 prisoner lawsuits filed in both state and federal court.

¶ 18 Unless otherwise restricted, states have concurrent jurisdiction with the federal courts to enforce rights created by federal law, including § 1983. *See Charles Dowd Box Co. v. Courtney,* 368 U.S. 502, 507–08, 82 S.Ct. 519, 7 L.Ed.2d 483 (1962). Generally, federal laws control the substantive aspects of federal claims adjudicated in state courts, including § 1983 claims. *Nation v. Colla,* 173 Ariz. 245, 255, 841 P.2d 1370, 1380 (App.1991) ("Federal law controls the substantive issues in a federal civil rights action brought under 42 U.S.C. § 1983."); *see also Shotwell v. Donahoe,* 207 Ariz. 287, 290, ¶ 6, 85 P.3d 1045, 1048 (2004). As noted by the Supreme Court, Congress " 'surely did not intend to assign to state courts and legislatures a conclusive role in the formative function of defining and characterizing the essential elements of a federal cause of action.' " *Felder v. Casey,* 487 U.S. 131, 144, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988) (quoting *Wilson v. Garcia,* 471 U.S. 261, 269, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985)). Because "decisions concerning both the desirability and the scope and design of any exhaustion requirement turn on a host of policy considerations," such decisions "are best left to Congress' superior institutional competence." *Id.* at 149, 108 S.Ct. 2302 (citing *Patsy,* 457 U.S. at 513, 102 S.Ct. 2557).

¶ 19 The PLRA's legislative history clearly demonstrates § 1997e(a)'s exhaustion requirement applies to § 1983 actions brought in federal court. As drafted, the PLRA "requires [s]tate prisoners to exhaust all administrative remedies before filing a lawsuit in Federal court." 141 Cong. Rec. S14,408–01 (1995). This legislative history, however, does not address whether the PLRA was intended to apply to § 1983 actions brought in state court.

¶ 20 Other state courts have applied § 1997e(a)'s administrative exhaustion requirement to § 1983 suits filed in state court.[7] In *Martin v. Ohio Department of Rehabilitation and Correction,* the Ohio Court of Appeals "construe[d] Section 1997e(a) as a condition precedent to a Section 1983 claim, whether the claim is brought in federal court or state court." 140 Ohio App.3d 831, 749 N.E.2d 787, 790 (2001). Connecticut, Illinois, Indiana and Nebraska have also applied § 1997e(a)'s exhaustion requirement to § 1983 prisoner actions brought in state court. *See Richardson v. Comm'r of Corr.,* 87 Conn.App. 46, 863 A.2d 754, 756 (2005); *Mercer v. Rodriquez,* 83 Conn.App. 251, 849 A.2d 886, 894 (2004); *Toney v. Briley,* 351 Ill.App.3d 295, 286 Ill.Dec. 282, 813 N.E.2d 758, 760 (2004); *Higgason v. Stogsdill,* 818 N.E.2d 486, 490 (Ind.Ct.App.2004); *Kellogg v. Neb. Dep't of Corr. Servs.,* 269 Neb. 40, 690 N.W.2d 574, 580 (2005). These state courts have consistently relied on § 1997e(a)'s broad and unequivocal language to require prisoners exhaust administrative remedies available to them before filing § 1983 claims in state court.

¶ 21 We agree with these courts' conclusion that exhaustion is required under § 1997e(a). First, the language of § 1997e(a) is broad and unequivocal, providing "no action" shall be brought without exhaustion of remedies. By applying § 1997e(a)'s broad exhaustion requirement, we have complied with Congress' "desire that the federal civil rights laws be given a uniform application within each State." *Felder,* 487 U.S. at 153, 108 S.Ct. 2302.

---

6. One commentator has asserted that "most state courts ... have simply assumed [§ 1997e(a)'s] applicability...." Steven H. Steinglass, *Section 1983 Litigation in State Courts* § 17:6 (2001).

7. Alternatively, some states including Maryland, Massachusetts, Michigan and Wisconsin have adopted statutes paralleling § 1997e(a)'s exhaustion requirement. *See* Md.Code Ann. Cts. & Jud. Proc. § 5–1003 (2004); Mass. Gen. Laws ch. 127, §§ 38E–F (2005); Wis. Stat. § 801.02(7)(b) (Supp.2004); Mich. Comp. Laws § 600.5503(1) (2004).

¶ 22 Second, when Arizona courts have concurrent jurisdiction over federal claims such as § 1983, they apply the federal substantive law along with the attendant federal rules and policies governing such causes of action, including exhaustion requirements. *See Kerr v. Waddell,* 185 Ariz. 457, 460, 916 P.2d 1173, 1176 (App.1996) (stating the "tax court's subject matter jurisdiction to hear state-law tax claims and § 1983 tax claims is subject to the exhaustion of administrative remedies"); *Zeigler v. Kirschner,* 162 Ariz. 77, 82–83, 781 P.2d 54, 59–60 (App.1989) (overturning dismissal for failure to exhaust administrative remedies in § 1983 suit against state health care director because no exhaustion was required under § 1983);[8] *see also Badia v. City of Casa Grande,* 195 Ariz. 349, 356, ¶ 25, 988 P.2d 134, 141 (App.1999) (discussing supremacy of federal law permitting recovery of punitive damages against state actors under § 1983 over statutory immunity from punitive damages).

¶ 23 Indeed, consistent with this approach, our legislature has essentially directed that prisoner claims based on federal law must comply with the federal requirements for filing such claims. A.R.S. § 31–201.01(L) (2002) states an inmate "may not bring a cause of action seeking damages or equitable relief from the state" or its employees unless "the claim is authorized by a federal statute." In order to file a § 1983 claim in state court, the inmate's claim must be "authorized" by § 1983—that is, it must meet all of the prerequisites to filing such a suit in any judicial forum. Because inmates filing § 1983 actions in federal court must first exhaust all available administrative remedies, inmates are "authorized" to file § 1983 claims in state court only after exhausting all available administrative remedies pursuant to § 1997e(a).

¶ 24 Finally, applying § 1997e(a) is consistent with Arizona's firmly entrenched doctrine of exhaustion of administrative remedies. *See Univar Corp. v. City of Phoenix,* 122 Ariz. 220, 223, 594 P.2d 86, 89 (1979). Exhaustion is grounded, in part, on the recognition that giving an administrative agency the opportunity to make the initial adjudication may make judicial review unnecessary. *Mountain View Pioneer Hosp. v. Employment Sec. Comm'n,* 107 Ariz. 81, 85, 482 P.2d 448, 452 (1971).

## CONCLUSION

¶ 25 Before filing his § 1983 action in state court, Baker was required to exhaust all administrative remedies available to him pursuant to § 1997e(a), just as he would have been required to do had he filed this action in federal court. We therefore affirm the trial court's order dismissing Baker's complaint for failure to exhaust his administrative remedies.

CONCURRING: PATRICK IRVINE and G. MURRAY SNOW, Judges.

---

**8.** Baker argues *Zeigler* exempts him from § 1997e(a)'s exhaustion requirement. The *Zeigler* plaintiffs were not prisoners complaining of prison conditions and therefore, were not subject to the administrative exhaustion requirement set forth in § 1997e(a).