NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STEPHEN OLIVER SWARTZ, *Plaintiff/Appellant*,

*v.*

CO II VELO; CO IV RODRIGO KEPNEY; SGT VANIA VALENZUELA-WHITING; CAPT RON LAWRENCE; DEPUTY WARDEN CHRIS MOODY; DEPUTY WARDEN MICHAEL MCCARVILLE; WARDEN R. ALAN BOCK; CHARLES L. RYAN, *Defendants/Appellees*.

No. 1 CA-CV 14-0713
FILED 4-19-2016

Appeal from the Superior Court in Maricopa County
No. CV2013-013509
The Honorable Arthur T. Anderson, Judge

**AFFIRMED**

COUNSEL

Stephen Oliver Swartz, Buckeye
*Plaintiff/Appellant*

Arizona Attorney General's Office, Phoenix
By Michael E. Gottfried
*Counsel for Defendants/Appellees*

_____

## MEMORANDUM DECISION

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Samuel A. Thumma joined.

_____

**H O W E**, Judge:

¶1 Stephen Oliver Swartz appeals the trial court's dismissal of his complaint against several Arizona Department of Corrections ("ADOC") employees stemming from an allegedly false disciplinary report. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2 Swartz, an inmate in the custody of ADOC, sued four prison officers[1], two deputy wardens, the warden, and ADOC's director, claiming that they had violated state and federal law, including 42 U.S.C. § 1983, which permits a private cause of action for the deprivation of civil rights. He did not name the State as a defendant. Swartz alleged that one officer committed libel, slander, and defamation by making "false accusations against [him], issuing a written disciplinary report that is completely inaccurate and false." Swartz also alleged that the subsequent ADOC inmate disciplinary procedure violated his Constitutional rights because the prison officers denied him the ability to confront the reporting officer, question witnesses, and present witness statements. He further alleged that as a result, he lost earned release credits and suffered "extreme damage" to his reputation and "extreme mental and emotional duress [sic]." Swartz sought declaratory relief and compensatory and punitive damages of $200,000, but not restoration of his earned release credits.

¶3 The named defendants moved to dismiss Swartz's complaint under Arizona Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief could be granted. The defendants argued that (1) Swartz's state law claims failed because the claims could run only against the State pursuant to A.R.S. § 31–201.01(F), but Swartz did not name the State as a defendant and (2) Swartz's federal law claims failed because his disciplinary conviction had not been reversed, a necessary predicate for

_____

[1] We amend our caption to reflect defendant SGT Vania Valenzuela-Whiting's full name as listed in Swartz's initial complaint.

claims under 42 U.S.C. § 1983. The trial court dismissed Swartz's complaint with prejudice, finding that Swartz improperly named individual defendants and that he had not met the requirements to state a § 1983 claim. Swartz moved for relief pursuant to Arizona Rule of Civil Procedure 60(c), arguing that his failure to name the State constituted a mistake and requested an opportunity to submit an amended complaint. The trial court denied the motion, and Swartz timely appealed.

## DISCUSSION

**¶4** Swartz argues that the trial court erred in dismissing his complaint. We review the dismissal of a complaint for failure to state a claim de novo as a question of law. *Coleman v. City of Mesa*, 230 Ariz. 352, 356 ¶ 8, 284 P.3d 863, 867 (2012). We accept all well-pleaded facts as true and give Swartz the benefit of all inferences arising therefrom. *Botma v. Huser*, 202 Ariz. 14, 15 ¶ 2, 39 P.3d 538, 539 (App. 2002). We will affirm the dismissal only if Swartz would not have been entitled to relief under any facts susceptible of proof in his complaint. *Coleman*, 230 Ariz. at 356 ¶ 8, 284 P.3d at 867. The trial court properly dismissed Swartz's complaint.

### 1. Swartz's State Law Claims

**¶5** Swartz first argues that the trial court erred in dismissing his claims under state law. In Arizona, "[a]ny and all causes of action which may arise out of tort caused by the director, prison officers or employees of [ADOC], within the scope of their legal duty, shall run only against the state." A.R.S. § 31–201.01(F). This statute "specifies *who* may be named as a defendant in an inmate's lawsuit based on allegations of tortious acts by [ADOC] . . . personnel." *Tripati v. State, Ariz. Dep't of Corr.*, 199 Ariz. 222, 224 ¶ 5, 16 P.3d 783, 785 (App. 2000).

**¶6** This statute applied to Swartz's claims. He claimed that several ADOC officers committed several alleged tortious acts—including libel and deprivation of due process—in their submission of a disciplinary report and carrying out of a disciplinary hearing. These tasks clearly fell within the scope of the officers' legal duties as employees and officers of ADOC. But although Swartz named numerous individual prison officers as defendants, he did not name the State as the statute requires. Thus, Swartz failed to state a claim for which relief could be granted.

**¶7** Swartz counters that he complied with the statute because he sued the individual defendants in both their personal and official capacities. But whether he named the individuals personally or officially is irrelevant

because his claims must run only against the State. *See* A.R.S. § 31–201.01(F). Accordingly, the trial court properly dismissed Swartz's state law claims for failure to state a claim for which relief could be granted under Rule 12(b)(6).

## 2. Swartz's Federal Claims

**¶8** Swartz next argues that the trial court improperly dismissed his complaint for failing to meet the requirements of 42 U.S.C. § 1983.[2] A prisoner cannot pursue a § 1983 claim for declaratory relief and damages based on alleged procedural defects in a disciplinary proceeding that, if successful, would "necessarily imply the invalidity of the punishment imposed." *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). Because Swartz's allegations clearly implied that the punishment imposed—a reduction in earned release credits—was invalid, he cannot pursue § 1983 claims. In his complaint, Swartz alleged that he was deprived of his due process right to present a defense because the prison officers did not allow him to confront, question, and present witnesses in his disciplinary proceeding. These allegations, if true, would necessarily call into doubt the validity of Swartz's punishment. *See id.* at 646–47 (providing that the inability to put on a defense through identified witnesses would necessarily imply the invalidity of the deprivation of earned release credits).

**¶9** Swartz counters that because he was seeking declaratory relief and damages and not to have his earned release credits restored, the trial court should not have considered whether the claim necessarily implied the invalidity of the punishment. But the courts must make this consideration precisely in situations where, as here, a prisoner seeks damages through a claim "that the procedures were wrong, but not necessarily that the result was." *Id.* at 645. Accordingly, because the nature of Swartz's challenge to the disciplinary proceeding clearly implies the

---

[2] Arizona courts require a prisoner to exhaust all administrative remedies before bringing a § 1983 claim. *See Baker v. Rolnick*, 210 Ariz. 321, 326 ¶ 23, 110 P.3d 1284, 1289 (App. 2005). Whether Swartz exhausted those remedies is not at issue here because Swartz alleged in his complaint that he did so, which we accept as true, *see Botma*, 202 Ariz. at 15 ¶ 2, 39 P.3d at 539, and the State did not dispute the exhaustion requirement to the trial court.

invalidity of the punishment imposed, Swartz's § 1983 claims were barred and the trial court properly dismissed his complaint.[3]

### 3. Leave to Amend

¶10      Swartz argues finally that the trial court erred in not allowing him an opportunity to amend his complaint because his failure to name the State as a defendant constituted a procedural mistake. Swartz made this request for leave in a Rule 60(c) motion. We construe his request as an Arizona Rule of Civil Procedure 15(a) motion to amend the complaint and review its denial for an abuse of discretion. *Elm Ret. Ctr., LP v. Callaway*, 226 Ariz. 287, 292 ¶ 25, 246 P.3d 938, 943 (App. 2010). Leave to amend is properly denied if the proposed amendments are futile. *Yes on Prop 200 v. Napolitano*, 215 Ariz. 458, 471 ¶ 40, 160 P.3d 1216, 1229 (App. 2007).

¶11      Because Swartz is incarcerated for a felony offense, A.R.S. § 31–201.01(L) permits him to assert claims only under two circumstances. First, a person convicted of a felony may sue if the complaint "alleges specific facts from which the court may conclude that the plaintiff suffered serious physical injury." A.R.S. § 31–201.01(L). "Serious physical injury" is "an impairment of physical condition that creates a substantial risk of death or that causes serious disfigurement, prolonged impairment of health or prolonged loss or impairment of the function of any bodily organ." A.R.S. § 31–201.01(N)(1). Second, a person convicted of a felony may sue if "the claim is authorized by a federal statute." A.R.S. § 31–201.01(L).

¶12      The trial court did not abuse its discretion in denying Swartz leave to amend because adding the State as a defendant would have been futile. First, Swartz did not allege serious physical injury in his complaint, but instead alleged only mental and emotional distress. Although Swartz argues now that he has suffered serious physical injury from self-harm incidents stemming from the emotional distress he suffered, he does so for the first time in his reply brief on appeal. We do not consider arguments made for the first time in a reply brief. *Dawson v. Withycombe*, 216 Ariz. 84, 111 ¶ 91, 163 P.3d 1034, 1061 (App. 2007). Second, Swartz's claims were not authorized by a federal statute. As explained above, Swartz's claims for declaratory relief and damages would necessarily imply the invalidity of

---

[3]      Although Swartz's claims for money damages and declaratory relief are not cognizable under 42 U.S.C. § 1983, a prayer for other types of relief — such as injunctive relief — would not necessarily imply the invalidity of the punishment and may be made properly under § 1983. *See Balisok,* 520 U.S. at 648–49.

his punishment from the disciplinary procedure and are therefore not cognizable under 42 U.S.C. § 1983. Thus, Swartz's state law claims are precluded by A.R.S. § 31-201.01(L) and the trial court did not abuse its discretion in denying Swartz leave to amend.

## CONCLUSION

¶13        For the foregoing reasons, we affirm.



Ruth A. Willingham · Clerk of the Court
FILED: ama