NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

WENDELL DWAYNE O'NEAL, *Plaintiff/Appellant*,

*v.*

CORPORATION SERVICE COMPANY, INC., et al., *Defendants/Appellees*.

No. 1 CA-CV 19-0118
1 CA-CV 19-0348
(Consolidated)
FILED 1-28-2020

Appeal from the Superior Court in Maricopa County
No. CV2018-012710
CV2018-012732
The Honorable Sherry K. Stephens, Judge

**AFFIRMED**

COUNSEL

Wendell Dwayne O'Neal, Harvest, Alabama
*Plaintiff/Appellant*

Henze Cook Murphy, PLLC, Phoenix
By Kiersten A. Murphy
*Counsel for Defendant/Appellee Corporation Service Company, Inc.*

Osborn Maledon, P.A., Phoenix
By Lynne C. Adams
*Counsel for Defendants/Appellees Apollo Education Group, Inc., and The University of Phoenix, Inc.*

---

## MEMORANDUM DECISION

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Maria Elena Cruz and Judge David B. Gass joined.

---

**W I N T H R O P**, Judge:

**¶1**           Wendell Dwayne O'Neal ("O'Neal") appeals the superior court's dismissals of his complaints against The University of Phoenix, Inc. and Apollo Education Group, Inc. (collectively, "Apollo"), and Corporation Service Company, Inc. ("CSC").   O'Neal contends his complaints pled sufficient facts to avoid dismissal for failure to state a claim, *see* Arizona Rule of Civil Procedure ("Rule") 12(b)(6), and that the superior court erred in finding his claims were barred by collateral estoppel or the applicable statute of limitations.  Because O'Neal's arguments are barred by collateral estoppel, we affirm the superior court's dismissals with prejudice.

### FACTS AND PROCEDURAL HISTORY

**¶2**           In 2014, O'Neal filed a complaint asserting various fraud-based claims against Apollo and several of its employees.  CSC is Apollo's registered agent for accepting service of process, and O'Neal attempted to serve the complaint and summons on the defendants by personally delivering it to a CSC representative in Tennessee.  The day after O'Neal's personal delivery, Apollo's counsel emailed O'Neal and advised him that service of the complaint was ineffective because it did not comport with the Arizona Rules of Civil Procedure.[1]  However, Apollo later provided O'Neal

---

[1]       Rule 4(d) requires service of process be made by a sheriff, a sheriff's deputy, a constable, a constable's deputy, a certified private process server, or someone specially appointed by the court.  The rule also provides that service may only be made by a party to the action "if expressly authorized by these rules."  Rule 4(d)(1).  The only situations where service by a party is allowed is "where service is made by mail on an out-of-state defendant pursuant to Rule 4.2(c), or where service is made by publication under Rules 4.1(*l*), 4.1(m) and 4.2(f) or 4.2(g)."  2B Daniel J. McAuliffe & Shirley J. McAuliffe, *Arizona Practice: Civil Rules Handbook* R. 4, cmt. 8 (July 2019 update).

signed acceptance of service forms pursuant to Rule 4(f) and then removed the case to federal court.

**¶3** While the case was in federal court, O'Neal filed a subpoena in the superior court requesting CSC produce business records to confirm that service was properly made on Apollo. Near the same time, Apollo filed a request with the federal court for an extension of time to respond to the complaint, which was granted. O'Neal moved to have a default judgment entered, but that motion was denied. The case was subsequently remanded to state court and later dismissed for failure to state a claim, which dismissal was appealed to this court. This court held O'Neal was not legally entitled to serve his own summons and complaint, was not entitled to a default judgment, and had waived his substantive challenge of the order of dismissal by failing to make an argument supported by legal authority. *O'Neal v. Deilman*, 1 CA-CV 15-0306, 2016 WL 4089143, at *2, ¶¶ 9-12 (Ariz. App. Aug. 2, 2016) (mem. decision).[2]

**¶4** In 2018, O'Neal filed a civil complaint against CSC and a claim for *habeas corpus* relief against Apollo.[3] Both complaints arose out of events related to O'Neal's 2014 case, and both actions were later dismissed for failure to state a claim.

**¶5** In the 2018 action against Apollo, the superior court found that there was no legal basis for a *habeas corpus* claim because O'Neal was not in custody and "although couched in a new claim – a habeas corpus claim – [O'Neal] essentially seeks to re-litigate claims and issues that already have been litigated" in the 2014 case. The superior court also designated O'Neal as a "vexatious litigant" as applied to this case and referred the issue to the presiding judge of the superior court for

---

[2] "Memorandum decisions of Arizona state courts are not precedential and such a decision may be cited only . . . to establish claim preclusion, issue preclusion, or law of the case . . . ." Ariz. R. Supreme Court 111(c).

[3] O'Neal's *habeas corpus* action also included various Apollo employees as defendants; however, these individual defendants were never served.

consideration of whether to issue a court-wide administrative order designating O'Neal a vexatious litigant.[4]

¶6 As to the claims against CSC, the superior court found that the statute of limitations had run on all of O'Neal's claims and that the "claims are barred by collateral estoppel/issue preclusion" because the issues were already litigated in the 2014 case.

¶7 O'Neal timely appealed both dismissals, and this court consolidated the appeals. We have jurisdiction of the consolidated appeal pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).

**ANALYSIS**

I.    *Standard of Review*

¶8 "We review de novo a dismissal for failure to state a claim."[5] *Baker v. Rolnick*, 210 Ariz. 321, 324, ¶ 14 (App. 2005). In our review, we "assume all the facts alleged in the complaint are true." *Republic Nat'l Bank of N.Y. v. Pima Cty.*, 200 Ariz. 199, 201, ¶ 2 (App. 2001). We will affirm a dismissal if "satisfied as a matter of law that plaintiffs would not be entitled to relief under any interpretation of the facts susceptible of proof." *Fid. Sec. Life Ins. Co. v. Ariz. Dep't of Ins.*, 191 Ariz. 222, 224, ¶ 4 (1998). We may affirm the grant of a motion to dismiss on any ground supported by the record. *Mirchandani v. BMO Harris Bank*, 235 Ariz. 68, 72, ¶ 15 (App. 2014).

II.    *Fraud Claims Barred by Collateral Estoppel*

¶9 O'Neal argues the superior court abused its discretion in finding his claims were barred by collateral estoppel because Apollo and CSC's "misrepresentation[s]" denied him the opportunity to fully and fairly litigate his claims. O'Neal's arguments are difficult to understand, but the heart of his contention is that Apollo and CSC misrepresented that he served his own summons and complaint related to the 2014 case. He claims that CSC told him he should serve Apollo through CSC and that CSC's

---

[4]    No such court-wide order was ever entered.

[5]    In general, consideration of extrinsic evidence converts a Rule 12(b)(6) motion to a summary judgment motion; however, there are two exceptions to this general rule: (1) a court may consider material which is properly submitted as part of the complaint; and (2) a court may take judicial notice of matters of public record, including its own records. *See Coleman v. City of Mesa*, 230 Ariz. 352, 356, ¶ 9 (2012).

representative did properly perform service on Apollo for him. He also claims CSC then fraudulently concealed evidence confirming that it did serve Apollo by failing to respond to the superior court subpoena related to the 2014 case. O'Neal argues that, but for CSC concealing evidence of proper service, Apollo could not have fraudulently obtained the extension of time to respond to O'Neal's 2014 complaint. O'Neal suggests this improper extension of time to respond prevented him from obtaining a default judgment against Apollo.

¶10 Apollo and CSC argue that the superior court correctly determined O'Neal's complaints are barred by collateral estoppel and by the applicable statute of limitations for fraud.

¶11 Whether collateral estoppel applies is a question of law that we review *de novo*. *Campbell v. SZL Props., Ltd.*, 204 Ariz. 221, 223, ¶ 8 (App. 2003). Collateral estoppel binds a party to the decision made on an issue litigated in a previous lawsuit if the following five factors are met:

> (1) the issue was actually litigated in the previous proceeding, (2) the parties had a full and fair opportunity and motive to litigate the issue, (3) a valid and final decision on the merits was entered, (4) resolution of the issue was essential to the decision, and (5) there is common identity of the parties.

*Id.* at ¶ 9. The fifth factor—common identity of the parties—is not necessary under Arizona law if collateral estoppel is being used "defensively," where "a defendant seeks to prevent a plaintiff from asserting a claim the plaintiff previously litigated unsuccessfully against another party." *Id.* at ¶ 10.

¶12 On appeal, the only factor of collateral estoppel that O'Neal expressly challenges is the second factor: that he had a full and fair opportunity to litigate the issues. However, in our discretion, we address each factor in turn and conclude the superior court properly found O'Neal's claims are barred by collateral estoppel.

¶13 First, each issue O'Neal raises was actually litigated in O'Neal's 2014 case, which was appealed to this court in 2016. *See O'Neal*, 1 CA-CV 15-0306, at *2, ¶¶ 8-11. This court addressed whether O'Neal properly served Apollo through CSC. *Id.* at ¶ 9-10 ("[O'Neal] was not legally able to serve his own summonses and complaint. . . . [O'Neal's] contention that the CSC representative who received the summons and [complaint] would perform service on [Apollo] is not supported by the record."). This court also addressed whether Apollo improperly obtained an extension of time to file its response. *Id.* at ¶ 10 (rejecting O'Neal's

contentions that Apollo "wrongfully removed the action to federal court to obtain an extension of time" and "that the district court erroneously granted [Apollo] an extension of time in which to file their answer"). In addition, this court addressed whether O'Neal was wrongfully denied a default judgment. *Id.* at ¶ 11 ("We finally note that even if [Apollo was] subject to default judgment, no such judgment could have been entered in the absence of [O'Neal's] application to the clerk of the court for an entry of default under Ariz. R. Civ. P. 55(a).").

**¶14** Second, despite his claim otherwise, O'Neal had a full and fair opportunity and motive to litigate the issues raised. *See id.* at ¶¶ 8-11. O'Neal makes no claim that his due process rights were violated; he was able to raise the issues before a competent tribunal in the superior court, and he exercised his right to appellate review. *See Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 483 n.24 (1982) (suggesting "what a full and fair opportunity to litigate entails is the procedural requirements of due process"); *State v. 1810 E. Second Ave.*, 193 Ariz. 1, 7 (App. 1997) ("The availability of appeal is important in determining whether there has been a full and fair opportunity to litigate.").

**¶15** Third, this court entered a valid and final decision on the merits when it affirmed the dismissal of O'Neal's 2014 complaint for failure to state a claim. *See O'Neal*, 1 CA-CV 15-0306, at *3, ¶ 13; *see also Bell v. Hood*, 327 U.S. 678, 682 (1946) ("[I]t is well settled that the failure to state a proper cause of action calls for a judgment on the merits . . . ."); *Gatecliff v. Great Republic Life Ins. Co.*, 154 Ariz. 502, 506 (App. 1987) (finding a dismissal under 12(b)(6) is a dismissal on the merits).

**¶16** Fourth, the resolution of issues regarding service of process and a potential default judgment was essential to this court's decision in the prior action. This court affirmed the superior court's dismissal based solely on these issues because O'Neal waived all other issues on appeal by failing to clearly raise them. *See O'Neal*, 1 CA-CV 15-0306, at *2, ¶ 12.

**¶17** Fifth, there is a common identity of the parties because both O'Neal and Apollo were parties in the 2014 action. *See id.* at *1, ¶ 2. However, we again note that this fifth factor is not necessary when collateral estoppel is being used defensively, as it is here. *See Campbell*, 204 Ariz. at 223, ¶ 10. Accordingly, the fact that CSC was not a party to the 2014 action does not prevent the doctrine of collateral estoppel from applying in this consolidated case.

**¶18**        Because all factors necessary for collateral estoppel are present here, the superior court did not err in finding O'Neal's claims were precluded by the 2014 case.  Since O'Neal's claims are barred by collateral estoppel, we do not address whether he pled sufficient facts to avoid dismissal otherwise.

### III.        Statute of Limitations for Fraud

**¶19**        We also recognize that even if collateral estoppel did not apply to any particular issue within O'Neal's complaint, O'Neal's claims for fraudulent concealment or misrepresentation are barred by the applicable statute of limitations.  Based on statements in O'Neal's complaint that Apollo "misrepresented" several issues, the superior court assumed O'Neal's complaint against Apollo was meant to be one alleging fraud.[6] Similarly, the complaint against CSC also alleged "fraudulent concealment" and various misrepresentations by CSC.

**¶20**        The statute of limitations for a claim of fraudulent concealment or fraudulent misrepresentation is three years, which time begins to accrue on the date of "discovery by the aggrieved party of the facts constituting the fraud or mistake."  A.R.S. § 12-543(3).  We review *de novo* questions of law regarding the statute of limitations and when a cause of action begins to accrue.  *Cook v. Town of Pinetop-Lakeside*, 232 Ariz. 173, 175, ¶ 10 (App. 2013).

**¶21**        Though the exact date of each incident varied, all alleged misrepresentations occurred in 2014.  O'Neal was aware of each alleged misrepresentation soon after it occurred; thus, the statute of limitations for any claim of fraud related to said misrepresentations had already run by the time these proceedings were commenced in 2018.  O'Neal argues his claims should not be barred by the three-year statute of limitations for fraud because the time was tolled.  However, we reject this contention because O'Neal fails to cite any applicable authority in support of it.[7]

---

[6]        O'Neal's complaint against Apollo was for *habeas corpus* relief, but the superior court found there was no legal basis for such  claim as O'Neal was not in custody.  O'Neal does not dispute this finding, nor does he challenge the superior court reviewing the complaint as one alleging fraud.

[7]        O'Neal argues equitable tolling should apply to his complaints, citing *Hosogai v. Kadota*; however, *Hosogai* was superseded when Arizona

¶22 O'Neal also argues the applicable statute of limitations should be six years for a contract in writing for debt. *See* A.R.S. § 12-548(A)(1). We reject this argument because O'Neal never alleged the existence of a contract in this action and because O'Neal makes this argument for the first time on appeal. *See Odom v. Farmers Ins. Co. of Ariz.*, 216 Ariz. 530, 535, ¶ 18 (App. 2007) ("Generally, arguments raised for the first time on appeal are untimely and deemed waived.").

¶23 We also disagree with O'Neal's contention that the trial court should have allowed him to amend his complaint. Because the statute of limitations has run for O'Neal's claims, any amendment to his complaint would be futile. *See Deutsche Bank Nat'l Tr. Co. v. Pheasant Grove LLC*, 245 Ariz. 325, 331, ¶ 19 (App. 2018) (holding the trial court did not abuse its discretion by denying leave to amend when the statute of limitations barred the claim).

### IV. Vexatious Litigant

¶24 O'Neal argues the trial court abused its discretion in designating him a vexatious litigant because the issue of whether he was a vexatious litigant had already been decided in an action in federal bankruptcy court in 2015.

¶25 The superior court designated O'Neal a vexatious litigant "for this case only," and referred the issue to the presiding judge of the superior court for a determination of whether to issue a court-wide administrative order designating him a vexatious litigant. Because we affirm the superior court's dismissal of the action, any complaint regarding O'Neal's designation as a vexatious litigant as it pertains to this case is moot. *See Vinson v. Marton & Assocs.*, 159 Ariz. 1, 4 (App. 1988) ("A decision becomes moot for purposes of appeal where[,] as a result of a change of circumstances before the appellate decision, action by the reviewing court would have no effect on the parties."). In addition, the referral of O'Neal to the presiding judge of the superior court is an administrative action that is not appealable. *See Madison v. Groseth*, 230 Ariz. 8, 13, ¶ 16 n.8 (App. 2012) (stating this court does not have appellate jurisdiction over administrative

---

passed its savings statute, A.R.S. § 12-504. *See* 145 Ariz. 227, 231 (1985), *superseded by statute*, 1986 Ariz. Sess. Laws, Ch. 186 § 1, *as recognized in Jepson v. New*, 164 Ariz. 265, 271 (1990). Neither *Hosogai* nor A.R.S. § 12-504 provide relief to a party whose action is dismissed on the merits, as was the case here.

orders designating a person a vexatious litigant).  Accordingly, we will not consider O'Neal's arguments related to his status as a vexatious litigant.

### V.    *Attorneys' Fees and Costs*

**¶26**        Upon compliance with Arizona Rule of Civil Appellate Procedure ("ARCAP") 21, both Apollo and CSC are entitled to recover their costs on appeal pursuant to A.R.S. § 12-341.

**¶27**        Apollo and CSC also request an award of attorneys' fees incurred on appeal under A.R.S. § 12-349(A).  In analyzing these fee requests, we have considered all relevant factors under A.R.S. § 12-350.  We find that O'Neal has made little to no effort to reduce the number of claims he has asserted, and the quality and content of his briefing and repetitive motions have unreasonably expanded the proceedings.  He prevailed on none of his arguments, and his claims were largely unsupported by the record or the law.  Accordingly, upon compliance with ARCAP 21, we also grant Apollo's and CSC's requests for an award of reasonable attorneys' fees on appeal pursuant to A.R.S. § 12-349(A).

### CONCLUSION

**¶28**        For the foregoing reasons, we affirm the superior court's dismissals with prejudice.



AMY M. WOOD • Clerk of the Court
FILED:  AA