NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JENNIE HALL,
*Plaintiff/Appellant*,

v.

CERTIFIED LUXURY AUTO INC.,
*Defendant/Appellee*.

No. 1 CA-CV 20-0519
FILED 10-26-2021

Appeal from the Superior Court in Maricopa County
No.  CV2019-095980
The Honorable Tracey Westerhausen, Judge

**AFFIRMED**

COUNSEL

Thompson Consumer Law Group, PLLC, Scottsdale
By Russell Snow Thompson, IV
*Counsel for Plaintiff/Appellant*

Elley Law, PLC, Gilbert
By Richard D. Elley
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Judge Paul J. McMurdie joined.

---

**W E I N Z W E I G**, Judge:

¶1            Jennie Hall appeals the superior court's order granting Certified Luxury Auto Inc.'s motion to dismiss.  We affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶2            Hall bought a used car from Certified Luxury Auto ("Dealer") in February 2019, signing a six-page Retail Installment Contract and Security Agreement ("Contract") that described and limited the available warranties.

¶3            On page one, the Contract extended the "Arizona Used Motor Vehicle Warranty," explaining, in bold print, that the Dealer "warrants that this Vehicle will be fit for the ordinary purposes for which the Vehicle is used for 15 days or 500 miles after delivery, whichever is earlier, except with regard to particular defects disclosed on the first page of this agreement."

¶4            On page two, the Contract excluded all other warranties "[u]nless the [Dealer] makes a written warranty or enters into a service contract within 90 days from the date of this contract," adding "that the [Dealer] is selling the Vehicle as is — not expressly warranted or guaranteed and without implied warranties of merchantability (except as described above) or fitness for a particular purpose."

¶5            On page five, under "Notices," the Contract stated, "[t]he information you see on the window form for this vehicle is part of this contract.  Information on the window form overrides any contrary provisions in the contract of sale."  The window sticker, in turn, advised that the vehicle was for sale "AS IS – NO DEALER WARRANTY," adding "YOU WILL PAY ALL COSTS FOR ANY REPAIRS.  The Dealer assumes no responsibility for any repairs regardless of any oral statements about the vehicle."

**¶6** Ten months after buying the used car, Hall sued the Dealer to void "the transaction," alleging the "window sticker violate[d] A.R.S. § 44-1267(B) by impermissibly waiving or attempting to waive the implied warranty of merchantability." Hall's complaint did not allege that she asked the Dealer to honor the 15-day/500-mile warranty or that the Dealer refused to honor the warranty. The superior court granted the Dealer's motion to dismiss, reasoning that the Contract's "as is" language did not exclude the minimum 15-day or 500-mile warranty but excluded all warranties beyond that statutory minimum. Hall appeals. We have jurisdiction. *See* A.R.S. §§ 12-2101(A), -120.21.

## DISCUSSION

**¶7** We review de novo the dismissal of a complaint under Rule 12(b)(6), assuming the truth of all well-pled factual allegations in the complaint. *Baker v. Rolnick*, 210 Ariz. 321, 324, ¶ 14 (App. 2005). Statutory interpretation and contract interpretation are questions of law we review de novo. *Duff v. Lee*, 250 Ariz. 135, 138, ¶ 11 (2020); *Grosvenor Holdings, L.C. v. Figueroa*, 222 Ariz. 588, 593, ¶ 9 (App. 2009).

**¶8** Arizona law recognizes an implied warranty of merchantability on all used motor vehicle sales. *See* A.R.S. § 44-1267(B). This statute requires motor vehicle dealers to inform buyers of the warranty:

> An agreement for the sale of a used motor vehicle by a used motor vehicle dealer is voidable at the option of the purchaser unless it contains on its face the following conspicuous statement printed in bold-faced ten point or larger type set off from the body of the agreement:
>
> > The seller hereby warrants that this vehicle will be fit for the ordinary purposes for which the vehicle is used for 15 days or 500 miles after delivery, whichever is earlier, except with regard to particular defects disclosed on the first page of this agreement. You (the purchaser) will have to pay up to $25.00 for each of the first two repairs if the warranty is violated.

A.R.S. § 44-1267(G). Moreover, "[a]n attempt to exclude, modify or disclaim the implied warranty of merchantability or to limit the remedies for a breach of that warranty, except as otherwise provided in this section, in violation of this subsection renders a purchase agreement voidable at the option of the purchaser." A.R.S. § 44-1267(B).

**¶9** Hall's claim was appropriately dismissed on a Rule 12(b)(6) motion because the Contract did not attempt to exclude or disclaim the implied warranty of merchantability on used vehicles. Arizona courts interpret contract "provisions according to their plain and ordinary meaning" and "in the context of the entire contract." *See Terrell v. Torres*, 248 Ariz. 47, 49-50, ¶ 14 (2020) (quoting *Climate Control, Inc. v. Hill*, 86 Ariz. 180, 188 (1959)) ("A clause in a contract, if taken by itself, often admits of two meanings, when from the whole contract there is no reasonable doubt as to the sense in which the parties use it.").

**¶10** On its face, the Contract extended the mandatory limited warranty to Hall, parroting the "conspicuous statement" required under A.R.S. § 44-1267(G). The Contract then disclaimed all warranties, but preserved the mandatory limited warranty "described above for used vehicles."

**¶11** Nor did the window sticker exclude the limited warranty required under § 44-1267. Though the window sticker advised Hall the car was being sold "as is" with "no dealer warranty," the Contract explained what that meant. In particular, after extending the mandatory warranty on page one, the Contract explained on page two: "Making no warranties means that the Seller is selling the Vehicle as is – not expressly warranted or guaranteed and without implied warranties of merchantability *(except as described above)* or fitness for a particular purpose."

**¶12** Reading the provisions in harmony, the Contract recognizes the implied warranty required for used cars under § 44-1267 but excludes any warranties beyond that statutory minimum. *See Lemons v. Showcase Motors, Inc.*, 207 Ariz. 537, 539, ¶ 8 (App. 2004) ("As a general rule, an 'as is' sale excludes such a warranty after the statutory fifteen-day and 500–mile limits.").

**¶13** Hall also argues her complaint should not have been dismissed on a Rule 12(b)(6) motion because she alleged the Dealer "attempted to waive the implied warranty of merchantability by way of [a window sticker]," and the superior court was required "to accept [her] allegation of fact." Not so. Arizona courts assume the truth of all well-pled, material allegations in a complaint, but "do not accept as true allegations consisting of conclusions of law, inferences or deductions that are not necessarily implied by well-pleaded facts, unreasonable inferences or

unsupported conclusions from such facts, or legal conclusions alleged as facts." *See Jeter v. Mayo Clinic Ariz.*, 211 Ariz. 386, 389, ¶ 4 (App. 2005).[1]

## CONCLUSION

**¶14** We affirm. Dealer seeks an award of attorney fees on appeal under A.R.S. § 12-341, which we deny in our discretion. We grant the Dealer its taxable costs on appeal subject to compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED: JT

---

[1] Given our interpretation of the Contract, we do not address Hall's argument on the significance of federal regulations when a window sticker and sales agreement have "contrary language."