# Illinois Official Reports

## Appellate Court

***Smith v. Hobart*, 2021 IL App (4th) 190756**

| | |
|---|---|
| Appellate Court Caption | PAUL SMITH, Plaintiff-Appellant, v. SUSAN HOBART, DANIEL HOBART, PAUL GRIFFITH, BART RAMNEY, and MICHAEL MELVIN, Defendants-Appellees. |
| District & No. | Fourth District<br>No. 4-19-0756 |
| Filed | July 30, 2021 |
| Decision Under Review | Appeal from the Circuit Court of Livingston County, No. 18-L-2; the Hon. Robert M. Travers, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Paul Smith, of Pontiac, appellant *pro se*.<br><br>Kwame Raoul, Attorney General, of Chicago (Jane Elinor Notz, Solicitor General, and Mary C. LaBrec, Assistant Attorney General, of counsel), for appellees. |
| Panel | JUSTICE DeARMOND delivered the judgment of the court, with opinion.<br>Justices Harris and Holder White concurred in the judgment and opinion. |

**OPINION**

¶ 1    Plaintiff, Paul Smith, appeals from the Livingston County circuit court's dismissal of his complaint alleging defendants, who are various Illinois Department of Corrections (Department) employees, violated his constitutional rights while plaintiff was incarcerated at Pontiac Correctional Center (Pontiac). Defendants concede that under *Williams v. Wexford Health Sources*, 957 F.3d 828, 832-35 (7th Cir. 2020), the circuit court's dismissal of plaintiff's complaint was erroneous. We accept defendants' concession and reverse and remand the matter for further proceedings.

¶ 2                                    I. BACKGROUND

¶ 3    In December 2017, plaintiff *pro se* filed a complaint under section 1983 of Title 42 of the United States Code, commonly referred to as the federal Civil Rights Act (42 U.S.C. § 1983 (2012)), alleging defendants violated his rights under the eighth amendment to the United States Constitution (U.S. Const., amend. VIII). Specifically, plaintiff alleged that his health was endangered while working in the inmate kitchen at Pontiac because it was severely infested with mice and cockroaches.

¶ 4    Defendants filed a combined motion to dismiss plaintiff's complaint under section 2-619.1 of the Code of Civil Procedure (Civil Code) (735 ILCS 5/2-619.1 (West 2016)). Defendants argued dismissal was proper (1) under section 2-619 of the Civil Code (*id.* § 2-619) because plaintiff failed to exhaust his administrative remedies before filing his complaint, or alternatively, (2) under section 2-615 of the Civil Code (*id.* § 2-615) because plaintiff failed to state a claim upon which relief could be granted.

¶ 5    Specifically, and as relevant to this appeal, defendants argued that plaintiff's failure to resubmit his grievance under the standard procedure after the denial of emergency status by both Michael Melvin (the warden) and the Administrative Review Board (ARB) was insufficient to exhaust his administrative remedies. Defendants noted that, following that decision, Department officials informed plaintiff that he must resubmit the grievance under the standard procedures if he wished to pursue his claim. However, the plaintiff refused. Defendants noted that the Department amended its regulations in April 2017 to reflect "its actual policy and practice" of requiring inmates to resubmit grievances that did not qualify as emergencies. See 41 Ill. Reg. 3869 (eff. Apr. 1, 2017) (codified at 20 Ill. Adm. Code 504.840 (2017) (the 2017 amendment)).

¶ 6    Plaintiff filed a response, arguing that the resubmission rule did not apply to him because he submitted his emergency grievance prior to the 2017 amendment and several federal cases held that an emergency grievance need not be resubmitted in order to exhaust one's administrative remedies under the prior version of the regulation.

¶ 7    In February 2019, the circuit court denied defendants' motion under section 2-619 (735 ILCS 5/2-619 (West 2016)) but allowed it in part under section 2-615 (*id.* § 2-615). The court struck the complaint but gave plaintiff leave to refile within 30 days. Although plaintiff did not refile his complaint within 30 days—the record shows he appears to have misunderstood the court's refiling directive—he filed several other pleadings between March and May 2019. In July 2019, the court held a status hearing where it ordered that plaintiff file an amended

complaint within 14 days or risk dismissal with prejudice. The court then struck plaintiff's March, April, and May 2019 pleadings.

¶ 8 In August 2019, plaintiff filed an amended complaint. Defendants filed another motion to dismiss, which was substantially similar to their previous motion. The circuit court allowed defendants' motion under section 2-619 (*id.* § 2-619), concluding that plaintiff failed to exhaust his administrative remedies. Plaintiff filed a motion to reconsider, arguing that prior to the 2017 amendment, no rule existed requiring inmates to resubmit a grievance after being notified it would not be considered on an emergency basis. The circuit court denied plaintiff's motion.

¶ 9 This appeal followed.

¶ 10                                II. ANALYSIS

¶ 11 On appeal, plaintiff argues the circuit erred when it allowed defendants' motion to dismiss his complaint under section 2-619 of the Civil Code (*id.*) because plaintiff had exhausted his administrative remedies and was not required to resubmit his grievance following the determination it would not be handled on an emergency basis. The State agrees, conceding that, under *Williams*, 957 F.3d at 832-35, plaintiff had exhausted all of his administrative remedies, and, therefore, this court should reverse and remand for further proceedings on the merits of plaintiff's eighth amendment claim. We accept the State's concession and reverse and remand for further proceedings.

¶ 12                      A. Standard of Review and Exhaustion

¶ 13 A motion under section 2-619.1 allows a party to "combine a section 2-615 motion to dismiss based upon a plaintiff's substantially insufficient pleadings with a section 2-619 motion to dismiss based upon certain defects or defenses." *Edelman, Combs & Latturner v. Hinshaw & Culbertson*, 338 Ill. App. 3d 156, 164, 788 N.E.2d 740, 747 (2003). On appeal, the trial court's dismissal of a complaint under section 2-619.1 is reviewed *de novo*. *Morris v. Harvey Cycle & Camper, Inc.*, 392 Ill. App. 3d 399, 402, 911 N.E.2d 1049, 1052 (2009).

¶ 14 In this case, plaintiff brought his eighth amendment claim under section 1983 of the Civil Rights Act (42 U.S.C. § 1983 (2012)), and therefore it was subject to the federal Prison Litigation Reform Act of 1995 (PLRA) (*id.* § 1997e(a)). See *Beahringer v. Page*, 204 Ill. 2d 363, 371, 789 N.E.2d 1216, 1222 (2003) (noting that the PLRA applies to claims brought under section 1983 of the Civil Rights Act). Section 1997e(a) of the PLRA states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e (2012). In other words, "unless a prisoner takes each step within the administrative process, he will be foreclosed from litigating [citation] and the trial court should dismiss the litigation without prejudice [citation]." *Toney v. Briley*, 351 Ill. App. 3d 295, 297, 813 N.E.2d 758, 760 (2004). We agree with the State that, under this standard, plaintiff was required to follow the procedure for emergency grievances set forth in the Department's regulations in order to exhaust his administrative remedies prior to filing his section 1983 complaint.

¶ 15                                    B. Emergency Grievance Procedure

¶ 16        In Illinois, there are several ways in which an incarcerated person may raise a grievance regarding the conditions of his confinement. For more routine complaints, the Department has set forth a three-stage process codified at section 504.830 of Title 20 of the Illinois Administrative Code (20 Ill. Adm. Code 504.830 (2017)). The Department has a separate procedure for "emergency grievances." An emergency is an issue presenting "substantial risk of imminent personal injury or other serious or irreparable harm to the offender." 20 Ill. Adm. Code 504.840 (2017). Prior to April 2017, section 504.840 of Title 20 of the Illinois Administrative Code described the emergency grievance procedure as follows:

> "An offender may request a grievance be handled on an emergency basis by forwarding the grievance directly to the Chief Administrative Officer.
>
> a) If the Chief Administrative Officer determines that there is a substantial risk of imminent personal injury or other serious or irreparable harm to the offender, the grievance shall be handled on an emergency basis.
>
> b) The Chief Administrative Officer shall expedite processing of the grievance and respond to the offender, indicating what action shall be or has been taken." 20 Ill. Adm. Code 504.840, amended at 27 Ill. Reg. 6214 (eff. May 1, 2003).

In April 2017, the Department amended section 504.840 to add subsection (c), which states, "If the Chief Administrative Officer determines that the grievance should not be handled on an emergency basis, the offender shall be notified in writing that he or she may resubmit the grievance as non-emergent, in accordance with the standard grievance process." 20 Ill. Adm. Code 504.840 (2017).

¶ 17        While this appeal was pending, the United States Court of Appeals for the Seventh Circuit issued a decision in *Williams*, 957 F.3d 828. While we are not bound by federal decisions in matters of Illinois law, we find the *Williams* court's decision well-reasoned and therefore persuasive. See *CenterPoint Properties Trust v. Olde Prairie Block Owner, LLC*, 398 Ill. App. 3d 388, 395, 923 N.E.2d 878, 885 (2010).

¶ 18        In *Williams*, an inmate incarcerated at Pontiac filed several emergency grievances with the warden, alleging he was not receiving adequate health care in connection with a cataract diagnosis. *Williams*, 957 F.3d at 830. The warden disagreed that the inmate's grievances constituted emergencies and directed him to resubmit them under the standard procedure. *Id.* at 830-31. The inmate appealed the rejection of his second emergency grievance to the ARB, but it returned the grievance without a decision on the merits, citing the inmate's failure to follow the standard procedure. *Id.* at 831. The inmate thereafter filed a complaint in the district court, seeking relief under section 1983 for alleged violations of his constitutional rights. *Id.* The defendant health care provider filed a motion to dismiss the inmate's section 1983 complaint, arguing the inmate had failed to exhaust his administrative remedies, and the district court agreed. *Id.*

¶ 19        On appeal, the Seventh Circuit explained that, prior to the Department's 2017 amendment, the Illinois Administrative Code "did not expressly address what should happen if the warden concludes that the grievance does *not* present an emergency." (Emphasis in original.) *Id.* at 832. Relying on the plain language of the regulation prior to the 2017 amendment, the court noted that "nowhere in the [Illinois Administrative] Code did it say that an inmate who invoked the emergency process in a non-frivolous way had to start all over again with the standard

procedure whenever the warden concluded that no emergency existed." *Id.* at 833. Accordingly, the court concluded that the inmate "did enough under the 2016 version of the [Illinois Administrative] Code to exhaust his remedies." *Id.*

## C. This Case

Here, we agree with the parties—and the *Williams* court—that at the time plaintiff filed his section 1983 complaint, he had exhausted all of his administrative remedies. Like the inmate in *Williams*, when plaintiff filed his emergency grievance, he was subject to the Department's regulations regarding emergency grievance procedures as they existed in 2016. That version did not require an inmate to resubmit a grievance under the standard procedure after being notified by the warden that the grievance would not be handled on an emergency basis. Therefore, when plaintiff filed his emergency grievance with the warden and appealed to the ARB, he "did enough under the 2016 version of the [Illinois Administrative] Code to exhaust his remedies." See *id.* We conclude that the circuit court erred when it allowed the defendants' motion to dismiss under section 2-619 of the Civil Code (735 ILCS 5/2-619 (West 2016)), and we reverse and remand for further proceedings. In reaching this conclusion, we express no opinion on the merits of plaintiff's section 1983 claim.

## III. CONCLUSION

For the reasons stated, we reverse the judgment of the circuit court of Livingston County and remand for further proceedings.

Reversed and remanded.